2007 OK 60

**Vicki Ann CONAGHAN, Respondent,**

v.

**RIVERFIELD COUNTRY DAY SCHOOL and Guideone Mutual Insurance Company, Petitioners.**

No. 103,987.

Supreme Court of Oklahoma.

July 3, 2007.

Marvin E. Spears, Tulsa, OK, and John C. McMurry, Oklahoma City, OK, for Vicki Ann Conaghan, respondent.

James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Riverfield Country Day School and GuideOne Mutual Insurance Company, petitioners.

TAYLOR, J.

¶ 1 The dispositive issue presented in this appeal is whether the workers' compensation court erred in its ruling that 85 O.S.Supp. 2005, § 17(A) is an improper delegation of judicial power contrary to the state constitution. We find that the language "within the range of opinions of the treating physician and the Independent Medical Examiner" in subparagraph 17(A)(2)(b) unconstitutionally encroaches upon the judicial power. We further find that the unconstitutional language may be severed and the remainder of subsection 17(A) can be preserved. We reverse the paragraphs in the order of the workers' compensation court that are inconsistent with this opinion and leave the remainder of the order in effect.

### I. Proceeding Below

¶ 2 On December 22, 2005, Vicki Ann Conaghan, claimant/respondent (claimant), filed a claim in the Workers' Compensation Court, alleging a single—incident, work-related injury to her right knee. The claim alleged that on August 30, 2005, claimant, a preschool teacher at Riverfield Country Day School, employer/petitioner (employer), injured her knee when she stood up from sitting on the floor while holding an infant child.

¶ 3 Claimant underwent surgery on her right knee and physical therapy and rehabilitation. Three physicians evaluated the permanent impairment resulting from the injury

to claimant's right knee. The treating physician, Dr. Terrill Simmons, M.D., opined that claimant sustained 12% permanent impairment to her right knee, while claimant's expert witness, Dr. Richard Hastings, D.O., opined that claimant sustained 45% permanent impairment to her right knee. The independent medical examiner, Dr. Bradford Boone, M.D., agreed with the treating physician.

¶ 4 The parties filed objections to the medical reports and/or testimony listed to be introduced at trial. Employer objected to the claimant's expert physician's medical report as inadmissible hearsay, lacking in competency, lacking in probative value, containing incorrect history, assuming facts not in evidence, and unsupported by objective medical evidence and requested appointment of an independent medical examiner. Claimant objected to the admissibility of the treating physician's medical report and treatment records as hearsay, unsupported by objective medical evidence, lacking probative value, not the best evidence, and substantially inaccurate. Claimant also objected to the admissibility of independent medical examiner's medical report as not supported by objective medical evidence and not in compliance with the AMA Guidelines, Workers' Compensation Court rules, and the Oklahoma statutes.

¶ 5 At the beginning of the trial, claimant challenged the constitutionality of 85 O.S.Supp.2005, § 17(A), arguing that the statutory rebuttable presumption in favor of the treating physician's opinions violates separation of powers and due process principles. The workers' compensation court construed 85 O.S.Supp.2005, § 17(A) as giving the treating physician adjudicative power and thereby improperly delegating judicial power to the treating physician contrary to the separation of powers provision in the state constitution and denying claimant's right to due process of law in violation of the state and federal constitutions.

¶ 6 The workers' compensation court proceeded to hear and adjudicate the claim. It overruled all objections to the three medical reports and admitted them into evidence. The court found claimant sustained 17% permanent impairment to her right knee and awarded permanent partial disability benefits. Employer timely filed a petition for review, asserting that the trial judge erred in its interpretation of 85 O.S.Supp.2005, § 17, and the trial judge erred in ruling 85 O.S.Supp.2005, § 17 unconstitutional. We granted claimant's motion to retain.

## II. Standard of Review

¶ 7 At issue here is the meaning of the language in subsection (A) of section 17 of title 85 of the Oklahoma Statutes. The meaning of statutory language is a pure issue of law that stands before us for *de novo* review. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448, 455. Our review of the workers' compensation court's legal rulings is plenary, independent and non-deferential. *Multiple Injury Trust Fund v. Pullum*, 2001 OK 115, ¶ 8, 37 P.3d 899, 903–904.

## III. The Rebuttable Presumption in Favor of the Treating Physician's Opinions–85 O.S.Supp.2005, § 17(A)(2)(a)

¶ 8 In the 2005 extraordinary session, the Oklahoma Legislature reformed the workers' compensation regime.[1] A significant amendment to § 14 of the workers' compensation statutes authorized the employer to select the treating physician for an injured employee,[2] and one of the amendments to § 17 created a rebuttable presumption in favor of the treating physician's opinions on causation, disability, apportionment, medical treatment, and rehabilitation. The rebuttable presumption amendment, codified at 85 O.S.Supp.2005, § 17(A)(2)(a), reads:

a. There shall be a rebuttable presumption in favor of the treating physician's opinions on the issue of temporary disabili-

---

1. 2005 Okla.Sess.Laws, ch.1, 1st Extraordinary Session.

2. Section 14 was amended to read: "The employer's selected physician shall have the right and responsibility to treat the injured employee." 85 O.S.Supp.2005, § 14(B). The following sen-

tence was added: "Once the employer has selected a treating physician and has offered the employee treatment, the physician selected by the employer shall become the treating physician." 85 O.S.Supp.2005, § 14(C).

ty, permanent disability, causation, apportionment, rehabilitation or necessity of medical treatment. Any determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3 of this title.

¶ 9 The primary goal of any inquiry into the meaning of the terms of a statute is to ascertain legislative intent. *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, ¶ 9, 130 P.3d 213, 219. Legislative intent will be ascertained from the plain meaning of the statute's terms whenever possible. *Id.* Legislative intent to give deference to the treating physician's opinions is unmistakable in the first of the two sentences in subparagraph 17(A)(2)(a). That is the clear purpose of the rebuttable presumption in favor of the treating physician's opinions. The following sentence does not explicitly deal with evidence to rebut the presumption. It requires that any determination of disability must be supported by objective medical evidence. However, the association of this sentence immediately following the rebuttable presumption sentence implies a legislative intent that the treating physician's opinions may be rebutted by another physician's objective medical evidence as defined in section 3 (discussed in part IV of this opinion). *See Broadway Clinic v. Liberty Mut. Ins. Co.,* 2006 OK 29, ¶ 18, 139 P.3d 873, 878. No other purpose can be gleaned from this sentence that would be consistent with the Legislature's vesting in the workers' compensation court the responsibility to determine disability. 85 O.S.Supp.2005, § 17(A)(1); *Yocum,* 2005 OK 27 at ¶ 14, 130 P.3d at 220–221.

¶ 10 Without any argument, employer takes the position that the presumption in favor of the treating physician's opinions may only be rebutted by a court-appointed independent medical examiner. Claimant, on the other hand, argues that the constitutional cloud arises from application of the rebuttable presumption in § 17(A)(2)(a) together with the restriction on the workers' compensation court to determine impairment within the range set by the treating physician and the court-appointed medical examiner in

§ 17(A)(2)(b). These arguments require us to consider the application of the rebuttable presumption provisions in the context of the other provisions in 85 O.S.Supp.2005, § 17(A) as well as the pertinent definition in 85 O.S.Supp.2005, § 3. *Davis v. GHS Health Maintenance, Inc.,* 2001 OK 3, ¶ 10, 22 P.3d 1204, 1209 (relevant statutory provisions may be considered together to give effect to each and every provision).

¶ 11 Preliminary to our analysis of the rebuttable presumption in the context of the other provisions of § 17(A), we review our jurisprudence governing presumptions. In this jurisdiction, a presumption is a procedural tool. *Stumpf v. Montgomery,* 1924 OK 360, 226 P. 65, 68–69. A presumption is not evidence nor does it have evidentiary weight. "A presumption cannot in itself possess probative weight, but merely necessitates evidence to meet the prima facie case which it creates. When evidence is introduced rebutting the presumption, the presumption disappears, leaving in evidence the basic facts which are to be weighed." *Stumpf,* 226 P. at 68. A presumption is a rule of law compelling a conclusion of fact in the absence of evidence against the conclusion. *Davis v. Southwestern Bell Telephone,* 2006 OK 48, 139 P.3d 892.

¶ 12 *Davis* upheld the statutory presumption of the fact that an injury is not work related when the employee fails to give notice of the injury to the employer within thirty (30) days. *Davis* considered the language in 85 O.S.2001, § 24.2. *Id.* at ¶ 14, 139 P.3d at 895. The pertinent language in § 24.2 read: "[T]he rebuttable presumption shall be that the injury was not work related. Such presumption must be overcome by a preponderance of the evidence." Adhering to *Stumpf,* this Court explained:

> Any claimant seeking to recover under the Workers' Compensation Act is required to prove, by a preponderance of the evidence, that the injury is work related. The statutory presumption changes nothing. Presumptions shift the burden of proof. The existence of a presumption imposes on the party against whom it is invoked the duty to offer evidence to the contrary. *See, Stumpf v. Montgomery,* 1924 OK 360, 226

P. 65, 69. If the opponent does offer evidence to the contrary, the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom. *Id.* Section 24.2, however, places the burden of proof on the person who has the burden already.

*Davis* at ¶ 15, 139 P.3d 892, 139 P.3d at 895–896 (footnote omitted).

¶ 13 Under our settled law on presumptions, the statutory rebuttable presumption in favor of the treating physician's opinions does not change the value or weight of the evidence. The rebuttable presumption operates to impose upon the opposing party the duty to offer evidence to the contrary.

## IV. The Rebuttable Presumption in the Context of the Language in Subsection 17(A)–85 O.S.Supp.2005, § 17(A)

¶ 14 We now turn to the text of 85 O.S.Supp.2005, § 17(A).[3] A summary of a facial reading of subsection 17(A) follows. Subparagraph (A)(1) places the responsibility for deciding disability with the workers' compensation court, it mandates that the court

3. Title 85 O.S.Supp.2005, § 17(A) reads:

A. 1. The determination of disability shall be the responsibility of the Workers' Compensation Court. Any claim submitted by an employee for compensation for permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Section 3 of this title, and which shall include an evaluation by the treating physician or an independent medical examiner if there is no evaluation by the treating physician, stating his or her opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury or occupational disease. A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty. For purposes of this section, a physician shall have the same meaning as defined in Section 14 of this title and shall include a person licensed by another state who would be qualified to be a licensed physician under the laws of this state.

2. Any party may object to the opinion of the treating physician by giving written notice to all other parties and to the Court. Upon receipt of such notice, if the parties fail to agree on the selection of an independent medical examiner, the Court shall randomly select an independent medical examiner who shall be afforded a reasonable opportunity to examine the employee together with all medical records involved and any other medical data or evidence that the independent medical examiner may consider to be relevant. The independent medical examiner shall issue a verified written report on a form provided by the Administrator to the Court stating his or her finding of the percentage of permanent impairment of the employee and whether or not the impairment is job-related and caused by the accidental injury or occupational disease

a. There shall be a rebuttable presumption in favor of the treating physician's opinions on the issue of temporary disability, permanent disability, causation, apportionment, rehabilitation or necessity of medical treatment. Any determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3 of this title.

b. The Independent Medical Examiner shall be allowed to examine the claimant, receive any medical reports submitted by the parties and review all medical records of the claimant. If the Independent Medical Examiner determines that the opinion of the treating physician is supported by objective medical evidence, the Independent Medical Examiner shall advise the Court of the same. If the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, the Independent Medical Examiner shall advise the Court of the same and shall provide the Court with his or her own opinion. In cases in which an independent medical examiner is appointed, the Court shall not consider the opinion of the Independent Medical Examiner unless the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, in which case the Court shall follow the opinion of the Independent Medical Examiner, the opinion of the treating physician or establish its own opinion within the range of opinions of the treating physician and the Independent Medical Examiner. If the Court does not follow the opinion of the treating physician, the Court shall set out its reasons for deviating from the opinion of the treating physician.

3. Any party may request the deposition testimony of the treating physician or the Independent Medical Examiner providing a written medical report on the issue of temporary disability, permanent disability, causation, apportionment or rehabilitation. The party requesting the deposition testimony of any such physician shall be responsible for the reasonable charges of the physician for such testimony, preparation time, and the expense of the deposition.

shall have medical evidence from the treating physician or an independent medical examiner for each claim, and it permits the court to have medical evaluations and opinions addressing compensability and permanent impairment from other physicians. It assigns the same meaning to the term "physician" as set out in Section 14 but adds that "physician" shall include a person licensed by another state who would be qualified to be a licensed physician under the laws of this state. Section 14 defines "physician" to mean "any person licensed in this state as a medical doctor, chiropractor, podiatrist, dentist, osteopathic physician or optometrist." 85 O.S.Supp.2005, § 14(E).

¶ 15 Subparagraph (A)(2) of § 17 allows any party to object to the treating physician's opinion, and it requires the appointment of an independent medical examiner when there is an objection to the treating physician's opinions. Subparagraph (A)(2)(a) creates a rebuttable presumption as already discussed. Subparagraph (A)(2)(b) directs the workers' compensation court not to consider the opinion of the independent medical examiner unless the independent medical examiner determines that the opinion of the treating physician is not supported by objective medical evidence, and in such event, it allows the court to follow the opinion of the independent medical examiner or the opinion of the treating physician or to establish its own opinion within the range of opinions of the treating physician and the independent medical examiner. It also requires the workers' compensation court to set out its reasons for deviating from the opinion of the treating physician. Finally, subparagraph (A)(3) allows for deposition testimony of treating physicians and independent medical examiners.

¶ 16 The workers' compensation court construed § 17(A) as requiring evidence from a court-appointed independent medical examiner in order to rebut the presumption in favor of the treating physician's opinions. However, there is no language in the 2005 version of § 17(A) that explicitly restricts the rebuttal evidence to that of an independent medical examiner. Instead, the language in § 17(A)(2)(a)—"determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3"—indicates the contrary.

¶ 17 Section 3 defines "objective medical evidence" as "evidence which meets the criteria of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto." 85 O.S.Supp.2005, § 3(17). Federal Rule of Evidence 702 applies to testimony by expert witnesses, allowing "a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion." [4] Earlier this year, this Court determined that medical opinions formulated under the AMA Guidelines and the workers' compensation law would comply with "Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto;" that those opinions may vary even though they are based upon the same medical records, history and tests; and that physicians could have admissible opinions with varying probative value before and after the 2005 amendments. *Scruggs v. Edwards*, 2007 OK 6, ¶ 21, 154 P.3d 1257, 1262.

¶ 18 To rebut the presumption in favor of the treating physician's opinions under the terms of § 17(A), the parties are free to offer medical evaluations, reports and opinions formulated under the AMA guidelines and the workers' compensation laws of physicians licensed in this state or physicians licensed by another state who would be qualified to be a licensed physician under the laws of this state. Under the terms of § 17(A), the workers' compensation court has the discretion to assign probative value or evidentiary weight to the "objective medical evi-

---

4. Federal Rule 702 reads:

    If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. R. 702, 28 U.S.C., App.

dence, as defined in Section 3" that includes opinions from the treating physician, court-appointed independent medical examiner, or other physicians licensed or qualified to be licensed in this state. In other words, § 17(A) leaves the workers' compensation court to decide the competency and probative value of the evidence offered that would cause the presumption in favor of the treating physician's opinions to disappear. In simple terms, it allows the trial court to perform its traditional judicial duties of finding the facts and applying the law to the facts.

¶ 19 We find no constitutional infirmity in the statutory language creating a rebuttable presumption in favor of the treating physician's opinions in 85 O.S.Supp.2005, § 17(A)(2)(a). We do, however, agree with claimant that the language in § 17(A)(2)(b) restricting the workers' compensation court's determination of impairment and disability **within the range of opinions of the treating physician and the independent medical examiner** is constitutionally infirm and must be stricken as set out in the next part of this opinion.

## V.  Separation of Powers

¶ 20 The Oklahoma Constitution, art. 4, § 1, divides the powers of state government into three separate departments—Legislative, Executive, and Judicial—and prohibits the departments from exercising powers belonging to the others. The power to adjudicate is the power to determine questions of fact or law framed by a controversy and this power is exclusively a judicial power. *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, at ¶ 13, 130 P.3d at 220. In *Yocum,* this Court considered the pre–2005 version of 85 O.S. 2001, § 17. In that case, the Court of Civil Appeals decided that § 17 required the workers' compensation court to give *"prima facie* effect" to the opinions of the court-appointed independent medical examiner. In *Yocum,* we refused to infer from a silent statutory text a legislative intent to elevate the probative value of the opinions of the court-appointed independent medical examiner over other medical opinions as the Court of Civil Appeals had done. In vacating the

Court of Civil Appeals' opinion, *Yocum* explained:

> ¶ 14 A legislative command to adjudicate a fact by a predetermined statutory directive would constitute an impermissible invasion into the judicial independence. It encroaches upon the free exercise of decisionmaking powers reserved to the judiciary. Were the Legislature to require that the Workers' Compensation Court accord an elevated degree of probative value to an IME report its enactment would impermissibly **rob that tribunal of its independent power to establish impairment or disability within the range of received competent evidence.** The Legislature is confined to mandating what facts must be adjudged. It may neither predetermine adjudicative facts nor direct that their presence or absence be found from any proof before a tribunal.

*Id.,* 130 P.3d at 220–221 (footnotes omitted).

¶ 21 Different from *Yocum,* in this case we have an explicit statutory rebuttable presumption in favor of the treating physician's opinions. We uphold it as a procedural device under our settled law. However, subsequent language in that subsection restricts both the evidence to be considered by the workers' compensation court and the fact-finding prerogative of the court:

> [T]he Court shall not consider the opinion of the Independent Medical Examiner unless the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, in which case the Court shall follow the opinion of the Independent Medical Examiner, the opinion of the treating physician or establish its own opinion **within the range of opinions of the treating physician and the Independent Medical Examiner** . . . .

85 O.S.Supp.2005, § 17(A)(2)(b)(emphasis added).

¶ 22 These restrictions on the workers' compensation court give determinative effect to the opinions of the court-appointed independent medical examiner and the treating physician even when the treating physician's opinion is not supported by objective medical

evidence. These restrictions attempt to pre-determine the range of the adjudicative facts and impermissibly invade the judiciary's exclusive constitutional prerogative of fact-finding. *Yocum* at ¶ 17, 130 P.3d at 222.[5]

## VI. Severability

¶ 23 Because we determine that the language "within the range of opinions of the treating physician and the Independent Medical Examiner" in subparagraph 17(A)(2)(b) violates our constitutional separation of powers provision, we must consider whether this offending language can be severed and the remainder of the statute can be preserved. A cardinal principle of statutory construction is to save and not destroy. *In re Application of the Okla. Dept. of Transportation*, 2002 OK 74, ¶ 27, 64 P.3d 546, 552. In this regard, we must determine whether the purpose of the statute would be significantly altered by severing the offending language, whether the Legislature would have enacted the remainder of the statute without the offending language, and whether the non-offending language is capable of standing alone. *Id.*

¶ 24 The 2005 workers' compensation reform act contained thirty-eight sections, including the emergency clause, dealing with practically every area within the workers' compensation regime. The lengthy title to the measure embraced a myriad of statutory changes, which included modifying the process for selecting certain physicians, giving deference to opinions of treating physicians under certain circumstances, creating a rebuttable presumption in favor of certain testimony for specific purposes under certain circumstances, and setting forth criteria for review by an independent medical examiner.[6] In light of the many statutory changes in the 2005 workers' compensation reform act, it is our view that the purposes of 85 O.S.Supp. 2005, § 17 would not be significantly altered by severing the offending language, the Legislature would have enacted the statute without the offending language, and the nonoffending language can stand alone. Our view is consistent with the general legislative directive in 75 O.S.2001, § 11a that if any part of a statute is found to be unconstitutional, the remaining provisions shall be valid.[7]

## VII. Conclusion

¶ 25 We conclude that the rebuttable presumption in favor of the treating physician's opinions, codified at 85 O.S.Supp.2005, § 17(A)(2)(a), is facially consistent with our extant jurisprudence governing presumptions. Under this conclusion, when the workers' compensation court admits the treating physician's report into the record as competent, probative evidence, the report is *prima facie* evidence of causation, disability, and/or medical and rehabilitation needs as set out in the report and the burden of proof is shifted to the opposing party to offer evidence to the contrary; when the opponent, here the claimant, offers objective medical evidence to the contrary and the court admits that evidence into the record as competent, probative evidence, the presumption disappears; and the judge then proceeds to weigh all evidence and adjudicate the issues presented.

---

5. In this opinion we strike the language "within the range of opinions of the treating physician and the Independent Medical Examiner" from § 17(A)(2)(b), but we find the remainder of the subparagraph can be read so that it is consistent with the constitution. Where a statute is susceptible to more than one interpretation, we are bound to accept an interpretation that will avoid constitutional doubt as to the validity of the statute. *Edmondson v. Pearce*, 2004 OK 23, ¶ 17, 91 P.3d 605, 615.

6. 2005 Okla.Sess.Laws ch.1, 1st Extraordinary Sess. Legislative intent and purpose may be derived from the title to the measure. *Davis v. GHS Health Maintenance, Inc.*, 2001 OK 3, ¶ 10, 22 P.3d 1204, 1209

7. The workers' compensation court found that the treating physician, in evaluating and formulating his opinions on the claimant's impairment, was free to consider documents that may be inadmissible in a judicial proceeding and that may contain inadmissible hearsay without the injured worker having notice and opportunity to be heard. Accordingly, the workers' compensation court found that giving the treating physician's opinions determinative effect would deny claimant minimal procedural due process. Because we have severed the statutory language that would give some degree of determinative effect to the opinions of the treating physician and court-appointed independent medical examiner, the due process argument is rendered moot.

¶ 26 We also conclude that the language "within the range of opinions of the treating physician and the Independent Medical Examiner" in subparagraph 17(A)(2)(b) violates our constitutional separation of powers provision and it should be severed from the statute. The language "within the range of opinions of the treating physician and the Independent Medical Examiner" is severed from the remainder of the provisions in 85 O.S.Supp.2005, § 17(A)(2)(b). Accordingly, we reverse the paragraphs in the order of the workers' compensation court that are inconsistent with this opinion and leave the remainder of the order in effect.

### ORDER OF THE WORKERS' COMPENSATION COURT REVERSED IN PART.

WINCHESTER, C.J., and LAVENDER, HARGRAVE, OPALA, KAUGER, TAYLOR and COLBERT, JJ., concur.

EDMONDSON, V.C.J., and WATT, J., (by separate writing), concur in part and dissent in part.

WATT, J., with whom EDMONDSON, V.C.J., joins, concurring in part and dissenting in part:

¶ 1 I agree with the majority in its determination that the second sentence of 85 O.S. § 17(A)(2)(A) allows other physicians besides the IME to offer rebuttal evidence. This seems to be a necessary finding because it would not otherwise allow *Claimant* to introduce evidence to rebut the presumption that the treating physician's report is correct. Thus, it could prevent Claimant from satisfying her mandatory burden of proof under 85 O.S. § 1.1 which provides the burden of proof is on the party requesting benefits or relief.

¶ 2 I also agree that the statutory language in § 17(A)(2)(b), "within the range of opinions of the treating physician and the Independent Medical Examiner," should be severed because it usurps the court's jurisdiction to determine disability as required by § 17(A). However, I would additionally sever all of the statutory language in § 17(A)(2)(b) except the first and last sentences.

¶ 3 Section 17(A)(2)(b) allows the IME to determine whether the treating doctor's evidence is "supported by objective medical evidence". If the IME finds it is so supported, he or she advises the court. However, if the IME finds it is *not* supported by objective medical evidence, the IME advises the court and also provides his or her own opinion. It directs that the court ***"shall not" consider the IME's report "unless the [IME] determines the opinion of the treating physician is not supported by objective medical evidence ...."*** [emphasis added].

¶ 4 This subsection is objectionable for at least two reasons. It allows the Independent Medical Examiner (IME) to determine a legal issue, i.e., whether the treating physician's opinion is supported by objective medical evidence. This comes dangerously close to the standard of review by appellate courts on factual issues as first declared in *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. It further puts the IME, not the court, ultimately in a position to decide which evidence the trial court can consider. This appears to me to elevate the status of the IME above that of the Claimant's and Employer's medical experts and to usurp the court's duty to determine disability. The trial court should be able to consider all of the evidence presented. Indeed, the definition of "objective medical evidence" in 85 O.S.2005 § 3(17) adopts the criteria of Federal Rule of Evidence 702, which provides that an expert may testify as to scientific, technical, or other specialized knowledge if it "will assist ***the trier of fact to understand the evidence or to determine a fact in issue ....***" [emphasis added]. Section 17(A)(2)(b) does more than "assist" the court. Rather, it allows the IME to dictate to the court which evidence to consider. I therefore dissent to the majority's approval of this statutory language which invades the court's independence.