2008 OK CIV APP 21

**D & P TANK TRUCKS, INC. and Commerce & Industry Insurance Company, Petitioners,**

v.

**Chad B. ROGERS and The Workers' Compensation Court, Respondents.**

**No. 104,355.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 18, 2007.

Rehearing Denied Dec. 21, 2007.

Certiorari Denied Feb. 19, 2008.

180

James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioners.

Walt Brune, Northcutt, Clark, Gardner & Hron, and Stacey A. Lobaugh, Boettcher Law Offices, Inc., Ponca City, OK, for Respondent.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Petitioners D & P Tank Trucks, Inc., and its insurer (hereafter collectively referred to as Employer) seek review of an order of the Workers' Compensation Court, which found that Claimant Chad Rogers sustained an accidental injury arising out of and in the course of his employment and awarded benefits. The Trial Court entered this order, on remand from a Workers' Compensation Court three-judge panel, after the panel vacated the Trial Court's previous order denying compensability of the claim. The panel vacated the Trial Court's order after finding it to be "contrary to law and against the clear weight of the evidence." The panel remanded the case to the Trial Court "for a finding of injury and awarding of benefits."

## BACKGROUND FACTS

¶ 2 Claimant worked for Employer as a mechanic. He filed his Form 3 on March 20, 2006, alleging he sustained injury to his right shoulder and low back on February 25, 2006, while attempting to bolt a several-hundred pound transmission to a semi-truck engine. Claimant later amended his Form 3 to include injury to his neck. Employer denied that a work-related accident or injury occurred.

¶ 3 When the matter was tried on July 5, 2006, Claimant sought eight weeks of temporary total disability (TTD), medical treatment and evaluation by a neurosurgeon. Claimant reserved for future hearing the issue of any TTD beyond eight weeks. Employer stipulated to all jurisdictional issues and applicable rates of compensation, but advised the Trial Court that "this is a denied claim."

¶ 4 Claimant testified that at the time of his injury he was working on assembling the transmission and engine. As he attempted to lift the transmission, he heard what he described as a "popping" sound and felt something in his shoulder and back "give a little bit." He mentioned to his co-worker Frank Haynes that he thought he pulled a muscle. Claimant left his shift a couple of hours early that Saturday, but did not report the incident to Employer. Employer learned of the incident from Claimant's father-in-law on Monday, after calling to find out why Claimant did not show up for work.

¶ 5 On Tuesday, Claimant sought chiropractic treatment from Dr. Farquharson. On March 14, 2006, Dr. Farquharson signed a Form 4 "Attending Physician's Report and Notice of Treatment," and a Form 5 "Physician's Release and Restrictions," stating in both forms that Claimant was temporarily totally disabled until further notice due to injury to his neck, mid back, and low back. Claimant received additional treatment and medications from Dr. Crenshaw. Claimant had not returned to work at the time of trial.

¶ 6 On cross-examination, counsel for Employer questioned Claimant at length regarding prior injuries he sustained in 2005 while working for a previous employer as a ranch foreman. Dr. Sibley provided Claimant with chiropractic treatment for those injuries beginning March 14, 2005, and released Claimant from treatment on March 31, 2005. Claimant testified that he was "pain free" when Dr. Sibley released him. Counsel for Employer pointed out that Dr. Sibley's treatment notes indicated a recommendation that Claimant return to his primary care physician and obtain an orthopedic consultation, but Claimant testified he was unaware of that recommendation.

¶ 7 Bob Pasley, the owner of the company, was Employer's first witness to testify, and he related a version of events that differed markedly from Claimant's testimony. According to Pasley, Claimant's task on the

Saturday he allegedly was injured was to attach "strataflex" hoses on an engine. Pasley maintained that the transmission and engine had been previously bolted together and were raised off the shop floor, hanging by a chain hoist. Claimant left early on that Saturday but did not mention any accident or injury. Claimant informed Pasley he was experiencing problems due to an eye infection.

¶ 8 As additional support for its theory of the case, Employer called two of Claimant's co-workers to testify. Neither of Claimant's co-workers was aware of any injury that Claimant might have sustained on Saturday, February 25, 2006. Both witnesses testified that Claimant was connecting engine hoses on the alleged date of his injury. The first co-worker to testify, however, stated that on the previous day the transmission had been sitting on the shop floor. He disputed Claimant's testimony about having to *lift* the transmission, explaining that Claimant had helped to move the transmission approximately one-quarter of a turn in order to align its bolt holes with the engine. This co-worker described how, instead of lifting the transmission, Claimant had to "scoot" it across the concrete floor, a task that would not have required a tremendous amount of strength. Like company owner Pasley, neither of Claimant's co-workers had heard Claimant complain of symptoms from his prior injury nor observed him experiencing any difficulty meeting the physical demands of his work during the ten-month period of his employment.

¶ 9 The parties submitted conflicting medical evidence. Claimant's medical expert Dr. Knight concluded in his report that Claimant sustained injuries to his right shoulder, neck, upper back and low back and that Claimant's work was the major cause of those injuries. Dr. Knight found that Claimant had been temporarily totally disabled since February 25, 2006, and that his period of TTD would continue until resolution of his medical

symptoms and stabilization of his medical condition. Employer's medical expert Dr. Hallford found that Claimant sustained no significant injury or permanent impairment of any kind to his neck, right shoulder, upper back or lower back while working for Employer, but instead experienced continuing symptoms from his prior injury. Dr. Hallford stated in his report that any period of TTD that Claimant might have experienced "due to his latest difficulties" should have previously ended.

¶ 10 The Trial Court found that Claimant did not sustain an accidental personal injury arising out of and in the course of his employment and denied the claim for compensation. Claimant appealed to a three-judge panel, which, in a split decision, vacated the Trial Court's order and remanded the case to the Trial Court "for a finding of injury and awarding of benefits." One of the judges in the majority based his decision to remand the case on his finding that the presumption afforded the opinion of treating physician Dr. Farquharson pursuant to 85 O.S. Supp.2005 § 17(A)(2)(a), on the issue of causation, had not been rebutted.

¶ 11 After considering the "evidence and records on file," the Trial Court found on remand from the panel that Claimant sustained a compensable injury to his neck, thoracic spine and lumbar spine, but did not sustain injury to his right shoulder. The Trial Court found that Claimant had been temporarily totally disabled since February 28, 2006, was still temporarily totally disabled and was entitled to medical treatment. The Trial Court awarded Claimant benefits for an accrued eight-week period of TTD and ordered that "[c]ompensation shall continue for and during claimant's period of [TTD], not to exceed 8 weeks." The Trial Court reserved determination of the issue of permanent disability, if any, for future hearing. Employer now seeks review in this Court.[1]

1. An *en banc* order, which vacates the trial judge's decision without entering an award of compensation and remands the claim for further proceedings, is a nonreviewable interlocutory disposition. *Hermetics Switch, Inc. v. Sales,* 1982 OK 12, ¶3, 640 P.2d 963, 965 (footnote

omitted). A reviewable decision in a workers' compensation case is one that "makes or denies an award," or otherwise constitutes "a final determination of the rights of the parties." *Id.* (footnote omitted). A party can seek corrective relief from properly preserved claims of error

## EMPLOYER'S PROPOSITIONS OF ERROR

¶ 12 Employer's brief in chief contains two propositions of error. Employer claims that, when considering Claimant's Request for Review, the panel erred in its application of 85 O.S. Supp.2005 § 17 and thereby improperly afforded greater weight to the treating physician's opinion on the issue of causation. Employer further claims that the general allegations set forth in Claimant's Request for Review violated the appellate procedure of the Workers' Compensation Court and were insufficient to preserve any alleged error for review. Therefore, according to Employer, the three-judge panel erred in considering, *sua sponte*, the issue of compensability of Claimant's injury. Employer requests this Court to vacate both the panel's order on appeal and the Trial Court's order on remand and reinstate the Trial Court's first order denying compensability. In the alternative, Employer requests this Court to vacate the Trial Court's finding of a lumbar injury in the remand order.

## STANDARD OF REVIEW

■ ¶ 13 This Court reviews the factual findings of the Workers' Compensation Court under the any-competent-evidence standard of review. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 2, 684 P.2d 548, 549. Under this standard, we must simply "canvass the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Id.* at ¶ 12, 684 P.2d at 552.

■ ¶ 14 Employer's propositions of error also involve questions of law. This Court reviews questions of law *de novo*. *Stidham v. Special Indem. Fund*, 2000 OK 33, n. 17, 10 P.3d 880, 885 n. 17. "[A]n appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial

made by the panel by way of a petition for review timely brought "from the next disposition in the case which is reviewable by law." *Id.* at ¶ 7, 640 P.2d at 966. In this case, the next disposition is the Trial Court's order on remand from the panel, which was entered on February 8, 2007.

court's legal rulings." *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084 (citing *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991)).

## DISCUSSION

### I. Claimant's Request for Review by the Three–Judge Panel

¶ 15 We first address Employer's contentions of error that are based on the alleged inadequacy of Claimant's Request for Review. Employer's attack on the panel's modification of the Trial Court's order is premised on its assertion that the panel did not have the authority to vacate the Trial Court's denial of the claim due to the lack of specificity in Claimant's Request for Review.

■ ¶ 16 Appeals to the three-judge panel may be taken by timely filing a "Request for Review." Workers' Compensation Court Rule 60, 12 O.S. Supp.2006, ch. 4, app.[2] The Request for Review shall include:

. . . .

3. A specific statement of each conclusion of law and finding of fact urged as error. General allegations will not be accepted. General allegations of error include statements that the decision of the trial judge is "against the clear weight of the evidence or contrary to law." The party or parties appealing to the three-judge panel will be bound by the allegations of error contained in the Request for Review and will be deemed to have waived all others; and

4. A brief statement of the relief sought.

*Id.*

¶ 17 The substantive portion of the Trial Court's first order herein consisted of two one-sentence paragraphs. Paragraph 1: "THAT claimant did not sustain an accidental personal injury arising out of and in the

2. Employer erroneously cites to Rule 31. This rule was amended and renumbered as Rule 60 effective January 30, 2006.

course of his employment with the above named respondent, as alleged in the claim for compensation filed herein." Paragraph 2: "THAT it is therefore ordered that claimant's claim for compensation be and the same is hereby denied."

¶ 18 Claimant filed his Request for Review on July 20, 2006, and the certificate of mailing indicates that the document was mailed to Employer's counsel one day earlier. The hearing before the panel did not occur until three months later, on October 27, 2006. The claimed inadequacy in the Request for Review, lack of a specific statement of error, should have been apparent when Employer's counsel received and reviewed the document.

¶ 19 Rule 60 provides the panel the opportunity to correct errors at the trial level and affords the opposing party notice and the opportunity to be heard. Although it was not mandatory for Employer to file a response to Claimant's Request for Review, it was, nonetheless, incumbent on Employer to inform the panel of any objections to Claimant's request and/or alleged limits on the scope of the panel's review. There is no transcript of the hearing or approved narrative statement; consequently we have no record of either party's oral arguments to the panel. Employer does not maintain that it made any objection at the hearing and that the panel proceeded over its objection. Based on the appellate record, it appears that Employer consented for the case to be submitted to the panel on Claimant's request to re-weigh all of the evidence on issues of compensability, or at least stood silent on the matter when appearing before the panel. Employer raised its alleged error for the first time when it filed its petition for review in the Oklahoma Supreme Court. We will not now hear Employer complain of any lack of specificity in Claimant's Request for Review.[3]

## II. The Panel's Application of Title 85 O.S. Supp.2005 § 17

¶ 20 Employer also claims that the panel's order remanding the case to the Trial Court was based on "a now-discredited interpretation of § 17." We address this proposition of error in view of the Oklahoma Supreme Court's recent pronouncements in *Conaghan v. Riverfield Country Day School,* 2007 OK 60, 163 P.3d 557. Section 17, which is part of the 2005 amendments that reformed Oklahoma's workers' compensation law, provides in pertinent part:

A. 1. The determination of disability shall be the responsibility of the Workers' Compensation Court. . . .

2. Any party may object to the opinion of the treating physician by giving written notice to all other parties and to the Court. . . .

a. There shall be a rebuttable presumption in favor of the treating physician's opinions on the issue of temporary disability, permanent disability, causation, apportionment, rehabilitation or necessity of medical treatment. Any determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3 of this title.

. . . .

85 O.S. Supp.2005 § 17.

¶ 21 The Court in *Conaghan* concluded that the rebuttable presumption amendment of section 17(A)(2)(a) is "facially consistent with [Oklahoma's] extant jurisprudence governing presumptions." *Id.* at ¶ 25, 163 P.3d at 565. But, as the Court explained:

Under this conclusion, when the workers' compensation court admits the treating physician's report into the record as competent, probative evidence, the report is *prima facie* evidence of causation, disability, and/or medical and rehabilitation needs as set out in the report and the burden of proof is shifted to the opposing party to offer evidence to the contrary; *when the opponent . . . offers objective medical evi-*

---

3. We also note that general allegations of error, much like the one made by Claimant, have been held to be sufficient when the Request for Review also referred to a specific paragraph of the trial court's order. *See Ramos v. Conoco,* 1997 OK CIV APP 4, ¶ 5, 934 P.2d 377, 378; *Smith v. Dep't of Agriculture,* 1994 OK CIV APP 6, ¶¶ 9–11, 869 P.2d 856, 857–58; *Fowler v. Titus Mfg. Co.,* 1986 OK CIV APP 33, ¶ 10, 734 P.2d 1309, 1311.

*dence to the contrary and the court admits that evidence into the record as competent, probative evidence, the presumption disappears; and the judge then proceeds to weigh all evidence and adjudicate the issues presented.*

*Id.* (emphasis added).

 ¶ 22 The "objective medical evidence" offered to rebut the presumption in favor of a treating physician's opinion must meet, as required by 85 O.S. Supp.2005 § 3(17), "the criteria of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto." A medical opinion from a physician meets this criteria if the opinion is formulated under the AMA Guidelines and workers' compensation law. *Conaghan*, 2007 OK 60 at ¶ 17, 163 P.3d at 563 (citing *Scruggs v. Edwards*, 2007 OK 6, ¶ 21, 154 P.3d 1257, 1262). Both parties in this case submitted reports from medical experts that satisfied these requirements.

¶ 23 The Oklahoma Supreme Court's pronouncements in *Conaghan* dictate our resolution of Employer's allegations of error related to the panel's application of section 17. The comments of one panel member, even if incorrect, do not ultimately affect our review.

¶ 24 It was the panel's function to weigh the evidence on causation; this Court cannot. Employer is requesting that this Court review the record to determine whether the panel properly found the Trial Court's order denying compensability to be against the clear weight of the evidence-to conclude that the clear weight of the evidence actually favored Employer and not Claimant. This we cannot do.[4] Our standard of review is to determine if the order under review is supported by any competent evidence. *Parks*, 1984 OK 53 at ¶ 12, 684 P.2d at 551–52.

¶ 25 *Parks* explained intra-court review system within the Workers' Compensation Court and the standards of review of the three-judge panel and the appellate courts. The Supreme Court stated:

[T]he decision reached on intra-court re-examination replaces by substitution that of the single judge and thereafter, when statutory review *dehors* the trial tribunal is invoked, *it alone* stands as *the* decision of the trial tribunal. Ever since the trial tribunal's intra-court review scheme was first carried into our compensation law, the institutional design was intended not to afford two layers of appellate process with varying standards of review but rather to implement a two-tier decisional system *within* the trial tribunal with but a single appellate remedy in this court (or now in the Court of Appeals).

*Id.* at ¶ 8, 684 P.2d at 550–51 (footnotes omitted). The Supreme Court further stated:

When panel-substituted fact findings are under review in an appellate court, the corrective process is confined to issues of law and is hence governed by the any-competent-evidence test.

*Id.* at ¶ 13, 684 P.2d at 552.

¶ 26 Thus, a decision of the three-judge review panel may not be disturbed on appeal if supported by *any* competent evidence. This standard of review has been repeatedly and consistently upheld by the Supreme Court, despite criticism of its mechanical application. *See e.g., Darco Transp. v. Dulen*, 1996 OK 50, 922 P.2d 591. In applying the standard, it is not the appellate court's duty to weigh conflicting proof, but simply to canvass the facts to determine if the decision is supported by competent evidence. *Parks*, 1984 OK 53 at ¶ 12, 684 P.2d at 552.

¶ 27 Here, the record as a whole provides competent evidence supporting the panel's decision on causation. Furthermore, the Trial Court's findings on remand from the panel regarding Claimant's injuries and TTD are clearly within the range of the admitted medical evidence, to which no competency objections were made at trial. Employer's arguments concern the weight to be given

4. Employer argues in its brief in chief that the panel erred in vacating the Trial Court's order denying compensability because the Trial Court's finding of no injury "arising out of and in the course of," was supported by competent evidence. That finding "stands replaced with that of the review panel," leaving only one final decision to be reviewed in this Court. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 11, 684 P.2d 548, 551.

Claimant's evidence, not the competency of his evidence.

## CONCLUSION

¶ 28 Based on our consideration of the issues properly preserved for review, we find no reversible error in the order under review. Accordingly, we sustain the judgment of the Workers' Compensation Court.

¶ 29 **SUSTAINED.**

RAPP, C.J., and WISEMAN, J., concur.