2010 OK CIV APP 9

**ARROW TRUCKING CO., INC.,
and Own Risk, Petitioners,**

v.

**Felix M. JIMENEZ and the Workers'
Compensation Court,
Respondents.**

**No. 106,729.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Dec. 30, 2009.

R. Jay McAtee, Tulsa, OK, for Petitioners.

Charles J. Kania, James M. Wirth, Kania Law Office, Tulsa, OK, for Respondent Felix M. Jimenez.

DEBORAH B. BARNES, Presiding Judge.

¶1 Arrow Trucking Company, Inc., and Own Risk (Employer) appeal the trial court's December 31, 2008, Order in which Felix M. Jimenez (Claimant) was awarded temporary total disability payments (TTD) and permanent partial disability payments (PPD). The Order also denied Employer's request for overpayment of TTD.

¶2 Employer asserts the trial court erred by awarding Claimant 14 weeks and one day of TTD and by denying Employer's request for credit for overpayment of TTD because Claimant should only be entitled to eight weeks of TTD. We vacate the TTD award and the denial of overpayment of TTD because we find Claimant is only entitled to eight weeks of TTD pursuant to 85 O.S. Supp.2005 § 22(3)(d).[1]  We direct the trial

---

1. Although Employer claims in its Petition in Error that the trial court erred in awarding PPD benefits, this issue is not discussed or supported by any authority in Employer's Brief-in-chief. Rather, Employer, in its Brief-in-chief "urges this Court to find error in the award of 14 weeks and 1 day of Temporary Total Disability and the denial of a request for credit for overpayment of Temporary Total Disability as the Claimant should only be entitled to eight (8) weeks of TTD under 85 Okla. Stat. § 22(3)(d). No other issue is appealed." A proposition that is unsupported by citation to any authority is considered waived and will not be considered on appeal. Rule 1.11(k)(1), Okla. Sup.Ct. Rules, 12 O.S.2001, ch. 15, app. 1; *Hough v. Hough*, 2004 OK 45, 92 P.3d 695.

court to enter an order reflecting an overpayment of $2,477.85, the amount having been stipulated to by the parties.[2]

## FACTS AND PROCEDURAL BACKGROUND

¶3 On November 12, 2007, Claimant suffered an accidental, work-related injury to his neck and back arising out of and in the course of his employment with Employer. Claimant, in his brief, does not dispute that his injuries are soft tissue injuries. Claimant underwent medical treatment, but not surgery. The record does not contain any physician's recommendation of surgery.[3]

¶4 In the March 4, 2008, Order, the trial court found Claimant entitled to TTD "not to exceed 52 weeks." This Order expressly reserved the "determination of underpayment and/or overpayment of temporary total disability compensation ... for future hearing."[4] The hearing on this matter occurred on December 18, 2008, for which both parties filed briefs. In its December 31, 2008, Order, from which Employer now appeals, the trial court found Claimant entitled to TTD benefits "for 14 weeks and 1 day" and denied Employer's overpayment claim.

## STANDARD OF REVIEW

¶5 It is well-known that a decision of the Workers' Compensation Court will not be vacated on review if it is supported by any competent evidence. *Owings v. Pool Well Service*, 1992 OK 159, 843 P.2d 380; *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. Under the any competent evidence standard, this Court must simply "canvass the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether those facts support the tribunal's decision." *Oklahoma Gas & Electric Co. v. Black*, 1995 OK 38, ¶6, 894 P.2d 1105, 1107. (Citation omitted.) The meaning of statutory language, however, is a pure issue of law that stands before us for *de novo* review. *Conaghan v. Riverfield Country Day School*, 2007 OK 60, 163 P.3d 557. Our review of the Workers' Compensation Court's legal rulings is plenary, independent and non-deferential. *Id.*

## ANALYSIS

### I. Vague or Ambiguous

¶6 Employer asserts the trial court erred by not limiting Claimant's TTD benefits to eight weeks under the unanimous opinion of the Oklahoma Supreme Court set forth in *Bed Bath & Beyond, Inc. v. Bonat*, 2008 OK 47, 186 P.3d 952. In *Bed Bath & Beyond, Inc.*, the Oklahoma Supreme Court considered a first impression issue—a patent ambiguity contained in a 2005 amendment to § 22 of the Workers' Compensation Act concerning the length of time a temporarily and totally disabled worker is entitled to disability benefits for a soft tissue injury. The claimant in *Bed Bath & Beyond, Inc.* injured her back at work. She was treated conservatively at first, but was later recommended for surgery. The employer refused to authorize the surgery. The Oklahoma Supreme Court, analyzing 85 O.S. Supp.2005 22(2)(c) and (3)(d), stated:[5]

> "Soft tissue injury" is defined as "damage to one or more of the tissues that surround bones and joints. [It] includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears." Okla. Stat. tit. 85, § 22(3)(d) (Supp.2007). It is clear that the Legislature intended to limit the period of TTD for certain soft tissue injuries. Section 22(3)(d) limits ben-

---

**2.** Transcript of December 18, 2008, hearing (Tr.), at p. 10.

**3.** Claimant testified that one of his physicians, David R. Hicks, M.D., brought up the "possibility of surgery," to which Claimant responded that he was "scared of surgery." Tr., at pp. 17–18.

**4.** Claimant argues that this March 4, 2008, Order, awarding Claimant TTD "not to exceed 52 weeks," was determinative of the TTD issue and

that Employer's failure to appeal the March 4, 2008, Order estops Employer from subsequently asserting an overpayment claim. However, the Order plainly reserves determination of underpayment and/or overpayment of TTD for future hearing. Claimant's estoppel argument has no merit.

**5.** *Bed Bath & Beyond, Inc.*, at ¶12, 186 P.3d at 955.

efits to eight weeks for non-surgical soft tissue injuries. If surgery is recommended, a claimant may receive court approval for an additional period of up to sixteen weeks in which the surgery may be performed on the soft tissue. Section 22(3)(d) is silent as to the period of time TTD and medical benefits are to be provided when surgery to the soft tissue is performed. Therefore, such an injury is subject to the limits imposed generally on TTD found at section 22(2)(c) which permit a maximum of 156 weeks of TTD and medical benefits and up to 300 weeks for good cause shown.

¶ 7 In this case, it is undisputed that Claimant had soft tissue injuries and no surgery or surgery recommendation. As such, the trial court erred in not limiting Claimant's TTD to eight weeks.

¶ 8 Although Claimant asserts these statutory provisions are unconstitutionally ambiguous and vague, we note the trial court did not rule on the constitutionality of the statutes and certainly did not find the statutes unconstitutionally ambiguous or vague. The trial court, did, however, err in not limiting the TTD benefits to eight weeks.

¶ 9 While Claimant argues that there is "no interpretation [of the above statutory sections, § 22(2)(c) and § 22(3)(d) ] that would render every part operative and therefore no interpretation can render [them] constitutional," the *Bed Bath & Beyond, Inc.* Court disagreed, stating that its analysis was intended "as binding authority for resolution of the ambiguity" between the two sections. *Id.* at ¶ 10, 186 P.3d at 955.[6] As a result, *Bed Bath & Beyond, Inc.* is not limited to the specific circumstances presented in that case, but construes the statute generally. Sections 22(2)(c) and 22(3)(d) are not unconstitutionally ambiguous or vague and we thus are:

... duty-bound to give effect to legislative acts, not to amend, repeal or circumvent them.... [A] court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy.

*Boston Avenue Management, Inc. v. Associated Resources, Inc.*, 2007 OK 5, ¶ 11, 152 P.3d 880, 885, quoting *Fulsom v. Fulsom*, 2003 OK 96, 81 P.3d 652. Therefore, because surgery was neither recommended nor performed, § 22(3)(d) limits Claimant's TTD for soft tissue injury to eight weeks.

## II. Equal Protection

¶ 10 Claimant also disputes Employer's urging the application of *Bed Bath & Beyond, Inc.* to the instant appeal on the grounds that the statutory classification division between "claimants with non-surgical soft tissue injuries and all other claimants" effectuated by § 22(3)(d) "is an unconstitutional violation of equal protection." Claimant argues that such a division lacks "a rational basis."[7] According to the Oklahoma Supreme Court:

Rational-basis scrutiny is a highly deferential standard that proscribes only that which clearly lies beyond the outer limit of a legislature's power. A statutory classification is constitutional under rational-basis scrutiny so long as there is any reasonably conceivable state of facts that could provide a rational basis for the classification. The rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. For these reasons, legislative bodies are generally presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality.

*Gladstone v. Bartlesville Independent School District No. 30*, 2003 OK 30, ¶ 12, 66 P.3d

---

6. "Noting the 'very different approaches' to the 'patent ambiguity' in § 22 by the various divisions of the Court of Civil Appeals, the Oklahoma Supreme Court set out to provide the proper 'analysis as binding authority for resolution of the ambiguity' in § 22." *CMI/Terex Corporation v. Stevens*, 2008 OK CIV APP 102, ¶ 9, 198 P.3d 419, quoting *Bed Bath & Beyond, Inc.*, at ¶ 10, 186 P.3d at 955.

7. Claimant correctly argues under the rational-basis standard of review. "Because we are dealing here neither with a suspect classification nor with an infringement upon a fundamental right, the rational-basis standard of review governs this dispute." *Gladstone v. Bartlesville Independent School District No. 30*, 2003 OK 30, ¶ 12, 66 P.3d 442, 448. (Footnote omitted.)

442, 448. (Footnotes and internal quotations omitted.)

¶ 11 In determining whether § 22(3)(d) is an unconstitutional violation of equal protection "[t]he critical question is whether the classification rests upon a difference which bears a reasonable relationship to any of the goals of the Workers' Compensation Act." *Rivas v. Parkland Manor,* 2000 OK 68, ¶ 13, 12 P.3d 452, 457. The goals of the Workers' Compensation Act are:

> ... to provide compensation to covered workers for loss of earning capacity, while placing the burden of supporting injured workers on the industries responsible for those injuries. In the interest of the public good and creation of a more orderly system of compensation, the injured worker is not required to establish employer negligence in his pursuit of compensation. However, in exchange for the employer's greater and more certain exposure the Act provide[s] the employer with certain advantages. It [offers] the employer a maximum loss and [makes] the employer's liability more certain and predictable.

*Id.* at ¶ 12, 12 P.3d 452, 456. (Citations omitted.)

¶ 12 In sum, we look to see whether there is any reasonably conceivable state of facts that could make the classification division between claimants with non-surgical soft tissue injuries and all other claimants with soft tissue injuries reasonably related to any of the goals of the Workers' Compensation Act. We find there are. First, it is reasonable to conceive that a worker who does not have surgery performed on his/her soft tissue injury would be in less need of extended compensation. It is reasonable to conceive that a worker who does not have surgery performed suffered a soft tissue injury of lesser severity than a worker who does have surgery recommended or performed. A worker who does not have surgery, it is reasonable to conceive, would need less time to recover than a worker who does have surgery, and would, therefore, require less compensation.

¶ 13 Second, the classifications of surgical and non-surgical soft tissue injuries, within the vast array of soft-tissue injuries, increase the certainty and predictability of an employer's liability. Absent § 22(3)(d), the trial court could conceivably require an employer to pay between one and 300 weeks of TTD to a claimant who suffered an on-the-job soft tissue injury. Section 22(3)(d) increases the certainty and predictability of employer liability (eight weeks of TTD) as to claimants with non-surgical soft tissue injuries.

¶ 14 Although § 22(3)(d) may favor employers and result in some inequality between claimants with soft tissue injuries, under the highly deferential rational-basis standard of constitutional review, we find that the statutory classification is reasonably related to legitimate government goals contained in the Workers' Compensation Act and, therefore, is not an unconstitutional violation of equal protection.[8]

### III. Delegation of Judicial Power

¶ 15 Claimant also takes issue with Employer's assertion that *Bed Bath & Beyond, Inc.* be applied to this case by arguing that § 22(3)(d) is unconstitutional because it delegates judicial power "to the treating physician by arbitrarily allowing the physician's determination on surgical prospects to determine TTD status." According to Claimant, this improperly delegates judicial authority away from the court in violation of the Oklahoma Constitution[9] and deprives the trial court of its discretion as the sole fact-finder. In support of this argument, Claimant relies on *Conaghan v. Riverfield Country Day School,* 2007 OK 60, 163 P.3d 557. In *Conaghan,* the Oklahoma Supreme Court considered the constitutionality of § 17(A)(2)(b) of the Workers' Compensation Act that restricted the Workers' Compensation Court's determination of impairment and disability within the range of opinions of the treating physi-

**8.** *See Urrutia v. Wendy's Old Fashioned Hamburgers,* 2007 OK CIV APP 104, 171 P.3d 915.

**9.** This argument has its provenance in art. 4, § 1, of the Oklahoma Constitution, which "divides the powers of state government into three separate departments—Legislative, Executive, and Judicial—and prohibits the departments from exercising powers belonging to the others." *Conaghan v. Riverfield Country Day School,* 2007 OK 60, ¶ 20, 163 P.3d 557, 564.

cian and the independent medical examiner. Because this restriction on the Workers' Compensation Court as fact-finder was an attempt to predetermine the range of adjudicative facts, the Oklahoma Supreme Court found that portion of the Workers' Compensation Act impermissibly invaded the judiciary's exclusive constitutional prerogative of fact-finding.

¶ 16 Here, however, § 22(3)(d) is not an unconstitutional delegation of judicial power because it does not predetermine adjudicative facts, but rather limits an available award, based on the facts determined by the fact-finder. The trial court is left to independently determine all factual matters, such as whether the injury was a soft tissue injury and whether surgery was actually recommended or performed. Only after determining the relevant facts must the trial court submit to the compensation limitations set forth in the statute. In other words, the TTD amounts set forth in the statute are post-fact-finding, legislative limitations. Therefore, § 22(3)(d) is not an unconstitutional delegation of judicial power.

### IV. Special Legislation

¶ 17 As further response to Employer's urging the application of *Bed Bath & Beyond, Inc.* to this case, Claimant argues that § 22(3)(d) constitutes "special legislation" of a kind prohibited by Okla. Const. art. 5, § 46, which states that "[t]he Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing ... [the] limitation of civil or criminal actions...." This article, then, is "Oklahoma's constitutional prohibition against special laws limiting civil actions...." *Reynolds v. Porter,* 1988 OK 88, ¶ 1, 760 P.2d 816, 818.

¶ 18 In determining whether § 22(3)(d) is constitutional, we must first determine whether the statute is a "special law." *Id.* at ¶ 13. "A statute is a special law where a part of the entire class of similarly affected persons is separated for different treatment." *Grant v. Goodyear Tire & Rubber Co.,* 2000 OK 41, ¶ 5, 5 P.3d 594, 597, citing *Reynolds,* 1988 OK 88, 760 P.2d 816. "The number of persons ... upon which the law has a direct effect may be very few, but it must operate uniformly upon all brought within the class by common circumstances." *Reynolds,* 1988 OK 88, ¶ 14, 760 P.2d at 822. (Footnote omitted.)

¶ 19 Claimant argues that § 22(3)(d) constitutes "special legislation" because it classifies "part of this homogeneous group as non-surgical and thereby [denies] that class the right to claim TTD benefits beyond eight (8) weeks...." We disagree that this statute constitutes "special legislation." Although § 22(3)(d) separates for different treatment under the statutory benefit scheme part of the entire class of employees with soft tissue injuries, employees with soft tissue injuries do not constitute a class "of similarly affected persons." *Grant,* at ¶ 5, 5 P.3d at 597.

¶ 20 Section 22(3)(d) defines a soft tissue injury as "damage to one or more of the tissues that surround bones and joints. 'Soft tissue injury' includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears." From this language it is clear that the forms soft tissue injuries can take are myriad. Furthermore, the severity of such injuries can vary widely from a "strain" to "muscle tears." We disagree that those suffering from a soft tissue injury are members of a similarly affected class, and, therefore, the different treatment provided to those with soft tissue injuries requiring surgery and to those not requiring surgery does not constitute "special legislation."

¶ 21 Finally, even if § 22(3)(d) were found to be a "special law," it would be permissible. "For a special law to be permissible, there must be some distinctive characteristic warranting different treatment and that furnishes a practical and reasonable basis for discrimination." *Grant v. Goodyear Tire & Rubber Co.,* 2000 OK 41, ¶ 10, 5 P.3d 594, 598. (Citation omitted.) Whether surgery is recommended for or performed on an employee with a soft tissue injury constitutes a distinctive characteristic warranting the different treatment imposed by § 22(3)(d), and it provides a practical and reasonable basis for the discrimination. In other words, the distinction is not "arbitrary and without relation to the subject matter." *Id.* Even if

§ 22(3)(d) were found to be a "special law," it would be a constitutionally permissible one.

### V. Overpayment of TTD Timely Pled

¶ 22 Claimant asserts that Employer failed to timely plead its claim for overpayment of TTD. Claimant points out that under Rule 16(B)(2) of the Workers' Compensation Court Rules, "[u]nless excused by the Court for good cause shown, denials and affirmative defenses shall be asserted on the Form 10 or Form 10M or shall be waived." Rule 16(B)(2), Workers' Compensation Court Rules, 85 O.S. Supp.2006, ch. 4, app. Claimant argues that Employer's failure to plead overpayment was never excused by the Court for good cause, and, therefore, it was waived. We disagree.

¶ 23 The March 4, 2008, Order plainly states "THAT determination of underpayment and/or overpayment of [TTD] is reserved for future hearing." Both parties filed trial briefs, several months after the Oklahoma Supreme Court issued *Bed Bath & Beyond, Inc. v. Bonat,* addressing the impact of that case on the issue of the length of TTD to be awarded. Claimant, in its trial brief, did not object to the trial court's consideration of the issue. At the December 18, 2008, hearing, the trial court reiterated that the issue of underpayment or overpayment was reserved in the March 4 Order. The parties even entered into a stipulation as to the amount of underpayment or overpayment, depending on the trial court's ruling on that issue. For these reasons, we find the trial court implicitly found good cause shown and that, therefore, the issue of overpayment or underpayment was not waived because not specifically set forth on Employer's Form 10.[10] The Workers' Compensation Court has the authority to adopt rules and the authority to relax them within its discretion. *Ed Wright Construction Co. v. McKey,* 1979 OK 25, 591 P.2d 302.

### CONCLUSION

¶ 24 Based on our review of the record and applicable law, we vacate the TTD award in the December 31, 2008, Order, except as to eight weeks, pursuant to 85 O.S. Supp.2005 22(3)(d), as clarified by the Oklahoma Supreme Court in *Bed Bath & Beyond, Inc. v. Bonat.* We direct the trial court to enter an order reflecting an overpayment of $2,477.85, the amount having been stipulated to by the parties.

¶ 25 **VACATED WITH DIRECTIONS.**

WISEMAN, V.C.J., concurs, and GOODMAN, J., concurs in result.

---

10. "The trial court's decision is presumptively deemed to include a finding of every fact necessary to support it." *Willis v. Sequoyah House, Inc.,* 2008 OK 87, ¶ 15 n. 18, 194 P.3d 1285, 1290 n. 18. (Citations omitted.)