**CLAREMORE HEALTH CENTER and the State Insurance Fund, Petitioners,**

**v.**

**Mattie Lola LUNSFORD and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40810.**

Supreme Court of Oklahoma.

July 21, 1964.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioners.

John Charles Feagins, Claremore, for respondent.

BLACKBIRD, Chief Justice.

In the proceedings herein reviewed, the State Industrial Court awarded Mattie Lola Lunsford, hereinafter referred to as claimant, 14 weeks compensation at the rate of $26.92 per week, or a total of $376.88, against her employer, Claremore Health Center, or its insurance carrier, the State Insurance Fund, on account of an accidental personal injury consisting of a left inguinal hernia, which she suffered on April 9, 1963, in the course of her employment as a nurse's aid.

The accident occurred while she was lifting a patient at the Center. At first she felt a pain in her side, but when she went home from work that night, she discovered a knot there. She continued to work until April 18, 1963, but, having consulted a physician on April 15th, she entered the hospital on April 22, 1963. After a left inguinal hernioplasty was performed on her there (without expense to her) she returned to work June 1, 1963.

At the hearing before the State Industrial Court claimant testified, in substance, that during the 4 years she had

worked for the Center she had accumulated enough sick leave that when used during that period, her total payment for that period at her wage rate was only $5.00 less than she would have earned, if the accident had not occurred.

Petitioners have instituted this review on the theory that the award was error, in view of claimant's receipt of "full wages" during the period of her disability. They argue that the statutory award of 14 weeks for hernia is in the category prescribed by Tit. 85, O.S.1961 § 22, par. "2" for cases of "temporary total disability"; and they urge that (for some reason not clear to us) claimant would have been entitled to compensation for one month and 10 days she was off work, *only* if she had received no wages for that period. In support of their position, petitioners cite Galey & Molloy v. Belt, 187 Okl. 318, 102 P.2d 868, and other cases decided before the enactment, in the year 1957, of Tit. 85 O.S.1957 Supp., and 1961 § 41.1, which provides as follows:

> "In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temmporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workmen's compensation law."

A prior amendment of the Workmen's Compensation Law established hernia "as a separate subdivision under the schedule of specific injuries." Williams v. Commander Mills, 181 Okl. 362, 73 P.2d 1143, 1144. In Wilkerson Chevrolet, Inc. v. Mackey, Okl., 367 P.2d 165, we held:

> "Scheduled compensation for a specific injury is to be awarded even though there is no loss of earning power. 99 C.J.S. Workmen's Compensation § 306, p. 1106, and Nelson v. Rialto Mining Co., 194 Okl. 628, 154 P.2d 87, 89."

Under Tit. 85 O.S.1961 § 22(3), an injury resulting in hernia is considered a specific injury, and an award is provided for "temporary total compensation for fourteen (14) weeks, and the cost of an operation * * *." Although an award for an injury resulting in hernia consists of two forms of compensation, the award must be treated on the same footing with the single form of compensation provided for other specific injuries. Therefore, the employer can claim no credit either for the cost of the operation or the award of compensation for fourteen (14) weeks, on the ground that claimant received a salary during part of the fourteen weeks for which she was paid compensation.

In view of the foregoing, claimant's award must be sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.