2000 OK 41

**Dianne GRANT, Petitioner,**

v.

**GOODYEAR TIRE & RUBBER COMPANY, Own Risk and The Workers' Compensation Court, Respondents.**

No. 89,373.

Supreme Court of Oklahoma.

May 23, 2000.

Rehearing Denied June 27, 2000.

J. Michael Hensley, Armstrong, Hensley & Lowe, Oklahoma City, Oklahoma, for Petitioner.

John S. Oldfield, Jr., Cynthia Wood Welch, Oldfield & Coker, Oklahoma City, Oklahoma, for Respondents.

WINCHESTER, J.

¶ 1 The petitioner, Dianne Grant, appealed an order of a Workers' Compensation Court three-judge panel, which had affirmed the finding of the trial court. Pursuant to 1992 Okla. Sess. Laws, ch. 294, § 10(B), now codified as 85 O.S.Supp.1999, § 41.1(B), the trial court found that the respondent-employer, Goodyear Tire & Rubber Company, was entitled to credit for overpayment of temporary disability compensation. The Court of Civil Appeals held that § 41.1(B) is an impermissible special law, which denies equal protection of the law to citizens of the state. The respondent-employer petitioned for certiorari,[1] which this Court has previously granted.

¶ 2 Section 41.1 provides:

A. In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workers' compensation law.

B. Notwithstanding the provisions of subsection A of this section, a qualified individual self-insured employer that pays temporary total disability benefits at a higher weekly rate than required by statute, without diminishing the employee's accrued leave on such payments, shall be given credit for such overpayment against any permanent partial disability owed, after payment of attorney fees and taxes. This provision shall not apply where salary

---

1. Those issues briefed but not raised in the petition for certiorari are beyond our cognizance. See *Ford v. Ford,* 1988 OK 103, n. 1, 766 P.2d 950, 952 n. 1. "Extant jurisprudence holds that corrective relief from issues resolved by the Court of Appeals, but not explicitly pressed for certiorari review, is beyond this court's power to grant." *Nichols v. Mid–Continent Pipe Line Company,* 1996 OK 118, ¶ 23, 933 P.2d 272, 281. Although the respondent mentions in the Petition for Certiorari that the petitioner did not raise at trial the constitutionality of § 41.1(B), the respondent made no argument concerning that issue. "Claims to error for which there is no support in argument and authority are deemed abandoned." *Holbert v. Echeverria,* 1987 OK 99, n. 4, 744 P.2d 960, n. 4. The Court of Civil Appeals addressed the issue. That court observed that although the petitioner did not specifically raise the constitutionality issue before trial court, it was raised in her petition to the three-judge panel. The decision of the trial judge may be altered by the decision of the three-judge panel. The panel's decision for purposes of appeal is the one final decision reviewed by the appellate courts. *Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 11, 684 P.2d 548, 551.

continuation was made by the self-insured employer pursuant to an applicable collective bargaining agreement.

¶ 3 On April 15, 1994, the petitioner received an injury on the job while working as an employee of the respondent, Goodyear Tire and Rubber Company. She qualified for the maximum rate of temporary total disability compensation of $307.00 a week from April 15, 1994, to March 24, 1996. Testimony of the employer's witness during the hearing before the Workers' Compensation Court reveals that the employer paid the petitioner regular wages, which are at a higher weekly rate than that required by statute. The employer, which is self insured, requested credit for the overpayment pursuant to § 41.1(B) in the amount of $11,235.45. The petitioner opposed the credit, but the trial court awarded the credit to the employer. The three-judge panel affirmed the order.

¶ 4 Article 5, § 59 of the Constitution of the State of Oklahoma provides that "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." *Reynolds v. Porter,* 1988 OK 88, ¶ 13, 760 P.2d 816, 822, identified a three-prong test to determine whether a statute is constitutional under § 59: "1) Is the statute a special or general law? 2) If the statute is a special law, is a general law applicable? And 3) If a general law is not applicable, is the statute a permissible special law?"

## I. IS § 41.1(B) A SPECIAL OR GENERAL LAW?

¶ 5 Under the first prong of the test, we initially must determine whether 85 O.S.Supp.1992, § 41.1(B) is a special or general law. A statute is a general law if it relates to persons or things as a class rather than relating to particular persons or things. *Reynolds,* 1988 OK 88, ¶ 14, 760 P.2d at 822, *Guthrie Daily Leader v. Cameron,* 3 Okla. 677, 41 P. 635, 639 (1895). A statute is a special law where a part of the entire class of similarly affected persons is separated for different treatment. *Reynolds,* 1988 OK 88, ¶ 14, 760 P.2d at 822. Article 5, § 59 ex-

pressed the intentions of those who framed our constitution that the abuses of granting special legislative favors to the few should not be tolerated, but that all citizens should receive equal rights, and none should have special privileges not granted to other citizens occupying the same status. *Jack v. State,* 183 Okla. 375, 82 P.2d 1033, 1034 (1938).

¶ 6 Prior to 1992, subsection A of § 41.1 identified the class of similarly affected persons under the Workers' Compensation statutes. Where an employer pays a claimant a salary in lieu of temporary total compensation during the claimant's temporary total disability, neither the employer nor its insurance carrier is allowed to deduct from the subsequent award for permanent or partial permanent disability. *Chamberlain v. American Airlines,* 1987 OK 62, ¶ 15, 740 P.2d 717, 723, *Claremore Health Center v. Lunsford,* 1964 OK 179, ¶ 5, 394 P.2d 498, 499. The law's restriction applies to the class consisting of employers who choose to pay salary or other remuneration in lieu of temporary total disability compensation. Besides those employers and their insurers, another group was affected by this law, that is, those employees who were paid a salary in lieu of temporary total disability benefits. For the purpose of the constitution, the employers and their employees comprise two classes of similarly affected persons, because § 41.1 affects both.

¶ 7 In 1992, the legislature added subsection B of § 41.1 as an exception to the rule found in subsection A. Subsection B allowed a qualified individual self-insured employer to receive credit for overpayment against any permanent partial disability owed, so long as the overpayment did not diminish the employee's accrued leave, and the overpayment had not been made pursuant to a collective bargaining agreement. Subsection B thereby created a sub-class. Accordingly, subsection B is a special law.

## II. SINCE § 41.1(B) IS A SPECIAL LAW,

### IS A GENERAL LAW APPLICABLE?

¶ 8 Under the second prong of the *Reynolds* test, we must determine if the sub-

ject of the legislation is reasonably susceptible of general treatment, or if there is a special situation possessing characteristics impossible of treatment by general law. *Reynolds*, 1988 OK 88, ¶ 15, 760 P.2d at 822. The subject of the legislation in § 41.1 is credit for overpayments of temporary total disability. The purpose of § 41.1 is to direct how overpayments must be treated. Subsection A of § 41.1 sets out a general law that prohibits credit against subsequent awards. Subsection B provides an exception to that general law. The fact that the subject of the legislation receives general treatment in subsection A answers the question under the second prong of the *Reynolds* test, and leads us to conclude that the subject of the legislation is reasonably susceptible of general treatment. Subsection B carves out an exception for a subclass, and therefore constitutes a special law.

### III. IS § 41.1(B) A PERMISSIBLE SPECIAL LAW?

¶ 9 Under the third prong of the *Reynolds* test, we must determine if the special legislation of § 41.1(B) is reasonably and substantially related to a valid legislative objective. *Reynolds*, 1988 OK 88, ¶ 16, 760 P.2d at 822. In *Williams v. Mayor and City Council of Baltimore*, 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1933), the Court considered a statute of the state of Maryland that exempted the property of a particular railroad from taxation. The Supreme Court of the United States upheld the law, finding that the statute was not repugnant to article 3, § 33 of the Maryland Constitution, which provided that "the General Assembly shall pass no special law for any case for which provision has been made by an existing general law." *Williams*, 289 U.S. at 45, 53 S.Ct. at 434. In writing for the Court, Justice Cardozo observed:

"The Constitution does not prohibit special laws inflexibly and always. It permits them when there are special evils with which existing general laws are incompetent to cope.... If the evil to be correct-

ed can be seen to be merely fanciful, the injustice or the wrong illusory, the courts may intervene and strike the special statute down."

*Williams*, 289 U.S. at 46, 53 S.Ct. at 434.

¶ 10 A special law is one that treats those within the same class differently. For a special law to be permissible, there must be some distinctive characteristic warranting different treatment and that furnishes a practical and reasonable basis for discrimination. *Hamilton v. Oklahoma City*, 1974 OK 109, ¶ 6, 527 P.2d 14, 15–16. If there is neither a distinctive characteristic upon which a different treatment may reasonably be founded nor one which furnishes a practical and real basis for discrimination between the two groups within the class, the distinction becomes arbitrary and without relation to the subject matter. *Roberts v. Ledgerwood*, 134 Okla. 152, 272 P. 448, 452 (1928). Such a special law cannot withstand constitutional scrutiny.

¶ 11 Concerning reimbursement under § 41.1(B), is there a valid reason to differentiate between employers who carry workers' compensation insurance and those who are self-insured? In addition, is there a valid reason to differentiate in the treatment of employees whose employers carry workers' compensation insurance and employees whose employers are self-insured? The respondent employer does not suggest any reason for the distinction, and we can think of none. The respondent employer merely argues that subsection B is a general law, not a special law. We have previously addressed that issue.

¶ 12 Accordingly, we find that § 41.1(B) is an impermissible special law that violates Article 5, § 59 of the Constitution of the State of Oklahoma and is therefore void. The opinion of the Court of Civil Appeals and the order of the Workers' Compensation Court are vacated, and the cause is remanded with instructions to enter an award consistent with this opinion.

¶ 13 SUMMERS, C.J., HODGES, LAVENDER, KAUGER, and WATT, JJ., concur.

¶ 14 HARGRAVE, V.C.J., concurs in part; dissents in part.

¶ 15 OPALA, J., concurs in result.

¶ 16 BOUDREAU, J., disqualified.