COMBS, C.J.:
 

 ¶ 1 The Petitioner, Kelli Braitsch, injured her
 
 [1]
 
 right arm while employed by the City of Tulsa and after the effective date of the Administrative Workers' Compensation Act (AWCA), 85A O.S. §§ 1 - 125. Through her collective bargaining agreement, Braitsch was paid her full salary in lieu of temporary total disability (TTD) payments. She was later awarded permanent partial disability (PPD) benefits which were reduced by the amount her full salary payments were in excess of TTD benefits pursuant to 85A O.S. § 89. This section provides:
 

 If the employer has made advance payments for compensation, the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. If the injured employee receives full wages during disability, he or she shall not be entitled to compensation during the period. Any wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award. Such deduction shall be made after any such applicable attorney fee and any such assessment made pursuant to Sections 45 and 46 of this act have been paid.
 

 85A O.S. § 89
 

 Braitsch argued 85A O.S. § 89 denied her due process of the law and is an unconstitutional special law. The Administrative Law Judge denied the constitutional challenges and the Workers' Compensation Commission en banc affirmed the ALJ's decision. This appeal concerns only the asserted constitutional challenges.
 

 STANDARD OF REVIEW
 

 ¶ 2 An injured worker's right to workers' compensation benefits is determined by the law in effect on the date of the injury.
 
 Corbeil v. Emricks Van & Storage
 
 ,
 
 2017 OK 71
 
 , ¶ 9,
 
 404 P.3d 856
 
 ;
 
 Williams Companies, Inc. v. Dunkelgod,
 

 2012 OK 96
 
 , ¶¶ 14-18,
 
 295 P.3d 1107
 
 . Braitsch's injury occurred after the effective date of the AWCA and therefore the AWCA controls her right to receive workers' compensation benefits. The issues raised on appeal concern the constitutional validity of 85A O.S. § 89. Issues of a statute's constitutional validity, construction, and application are questions of law subject to this Court's
 
 de novo
 
 review.
 
 Lee v. Bueno
 
 ,
 
 2016 OK 97
 
 , ¶ 16,
 
 381 P.3d 736
 
 . A heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality and every presumption is to be indulged in favor of the constitutionality of a statute.
 
 Fent v. Oklahoma Capitol Improvement Authority,
 

 1999 OK 64
 
 , ¶ 3,
 
 984 P.2d 200
 
 . If two possible interpretations of a statute are possible, only one of which would render it unconstitutional, a court is bound to give the statute an interpretation that will render it constitutional, unless constitutional infirmity is shown beyond a reasonable doubt.
 
 Fent,
 

 1999 OK 64
 
 at ¶ 3,
 
 984 P.2d 200
 
 ;
 
 Gilbert Central Corp. v. State,
 

 1986 OK 6
 
 ,
 
 716 P.2d 654
 
 . A court is bound to accept an interpretation that avoids constitutional doubt as to the legality of a legislative enactment.
 

 Id.
 

 ANALYSIS
 

 A. Braitsch Fails To Show
 
 85A O.S. § 89
 
 And Its Application Violated Her Constitutional Right To Due Process.
 

 ¶ 3 Braitsch claims the provisions of 85A O.S. § 89 deny due process of law because it shifts the economic burden to the injured
 worker without a legitimate state interest and is an unconstitutional taking of property. The arguments found in Braitsch's brief in chief appear to claim she was denied both procedural due process and substantive due process rights.
 

 1. Procedural Due Process:
 

 ¶ 4 The guaranty of due process of law can be found in both the State and Federal Constitutions. Article 2, Section 7 of the Oklahoma Constitution provides:
 

 No person shall be deprived of life, liberty, or property, without due process of law.
 

 Okla. Const. art. 2, § 7.
 

 The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides:
 

 No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
 

 U.S. Const. amend. XIV, § 1.
 

 This Court utilizes a two prong test to determine whether an individual was denied procedural due process: 1) whether the individual possessed a protected interest to which due process protection applies; and 2) whether the individual was afforded an appropriate level of process.
 
 Hill v. American Medical Response
 
 ,
 
 2018 OK 57
 
 , ¶ 43,
 
 423 P.3d 1119
 
 ;
 
 In re Adoption of K.P.M.A.,
 

 2014 OK 85
 
 , ¶ 17,
 
 341 P.3d 38
 
 ;
 
 Thompson v. State ex rel. Bd. of Trustees of Okla. Pub. Employees Ret. Sys.,
 

 2011 OK 89
 
 , ¶ 16,
 
 264 P.3d 1251
 
 .
 

 ¶ 5 Braitsch claims she has a protected interest in her collective bargaining agreement to receive full wages during the TTD period and she has a protected interest in her PPD award. She asserts the deduction to her PPD award for amounts paid above the TTD maximum, as required by 85A O.S. § 89, was an unconstitutional taking of property and violated her right to due process. This Court has previously ruled a PPD award is a property right worthy of due process protection.
 
 Maxwell v. Sprint PCS
 
 ,
 
 2016 OK 41
 
 , ¶ 18,
 
 369 P.3d 1079
 
 . The record reflects Braitsch was paid her full wages during the TTD period therefore we find there was no taking of property promised under her collective bargaining agreement. Tr. July 19, 2017, p. 16, l. 24-25 through p. 17, l. 1.
 

 ¶ 6 The PPD award vested Braitsch with a property interest worthy of the protections of due process. The first prong of the test is satisfied. The ALJ's Order granting PPD was entered on August 15, 2017. This Order provided a PPD award that was reduced by $5,228.61, the amount paid to Braitsch above the TTD maximum. This PPD award was calculated by the statutes in place at the time of Braitsch's injury which included the above mentioned deduction pursuant to 85A O.S. § 89. This is not a case where PPD was awarded and then later reduced or taken away without a hearing. The core elements of procedural due process are notice and an opportunity to be heard.
 
 Baby F. v. Okla. County Dist. Court
 
 ,
 
 2015 OK 24
 
 , ¶ 15,
 
 348 P.3d 1080
 
 . The Order reflects a hearing before the Administrative Law Judge was held on July 19, 2017, and Braitsch was represented by her attorney Michael R. Green. An administrative deprivation of a constitutionally protected property or liberty interest must be accomplished by an impartial and disinterested tribunal in an adjudicative process where the procedures employed are appropriate for the constitutional interest at stake.
 
 State ex rel. Bd. of Regents of University of Oklahoma v. Lucas,
 

 2013 OK 14
 
 , ¶ 43,
 
 297 P.3d 378
 
 . Braitsch has not argued she received an unfair hearing or that the ALJ was partial. The record is clear that several hearings took place and Braitsch was represented by counsel. We hold Braitsch was afforded an appropriate level of process and find no evidence to support Braitsch's claim she incurred an unconstitutional taking of property without procedural due process.
 

 2. Substantive Due Process:
 

 ¶ 7 Braitsch also appears to make a substantive due process argument in challenging the constitutionality of 85A O.S. § 89. Braitsch claims she was denied due
 process because this section of law shifts the economic burden upon an injured worker without a legitimate state interest. The substantive component of the due process clause bars certain governmental action despite the adequacy of procedural protections provided.
 
 Baby F. v. Okla. County Dist. Court
 
 ,
 
 2015 OK 24
 
 , ¶ 16,
 
 348 P.3d 1080
 
 . In determining whether an action violates substantive rights, a balance must be struck between the right protected and the demands of society.
 
 In the Matter of the Adoption of J.R.M.,
 

 1995 OK 79
 
 , ¶ 13,
 
 899 P.2d 1155
 
 . Substantive due process of law is the general requirement that all governmental actions have a fair and reasonable impact on the life, liberty, or property of the person affected. Arbitrary action is thus proscribed.
 
 City of Edmond v. Wakefield,
 

 1975 OK 96
 
 , ¶ 5,
 
 537 P.2d 1211
 
 , citing
 
 Griswold v. Connecticut,
 

 381 U.S. 479
 
 , 511-12,
 
 85 S.Ct. 1678
 
 , 1696-97,
 
 14 L.Ed.2d 510
 
 , 513-32 n.4 (1965). In
 
 Torres v. Seaboard Foods, LLC,
 
 this Court noted that the analysis requires an adjudication of whether the legislation is rationally related to a legitimate government interest and if the challenged legislation reasonably advances that interest.
 
 2016 OK 20
 
 , ¶ 27,
 
 373 P.3d 1057
 
 . We explained:
 

 There is little doubt that a state legislature may alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law, or that workers' compensation laws, by themselves, have been considered by courts as a legitimate State interest since the compensation laws were first created. In our case today, we do not repeat
 
 Lochner's
 
 error of
 
 improperly rejecting
 
 an articulated economic interest of the State. We accept for the purpose of the arguments made herein, respondent's articulated State interest as legitimate in this case, i.e., the prevention of workers' compensation fraud and the decrease in an employer's costs as a result of legislative effort to prevent fraud.
 

 Torres,
 

 2016 OK 20
 
 at ¶ 30,
 
 373 P.3d 1057
 
 .
 

 ¶ 8 Respondent's brief explains the purpose of 85A O.S. § 89. The deduction from PPD of excess TTD benefits ensures fairness and predictability in the award of PPD benefits. By receiving her full wages during her temporary total disability period, Braitsch received more than what other employees would receive who are only awarded TTD benefits. The deduction brings parity to workers' compensation awards by providing, in the end, relatively the same amount of benefits to all injured workers. Respondent notes previous versions of the workers' compensation code provided a specific prohibition on deducting overpayments or receiving credits.
 
 [2]
 
 However, under the AWCA no such prohibition exists. As mentioned, the AWCA was effective upon the date of Braitsch's injury and therefore it is the applicable law for determining her workers' compensation benefits. We hold the state interest articulated in support of 85A O.S. § 89 is legitimate: ensuring fairness, efficiency, objectivity, predictability, and uniformity in the awarding of PPD benefits. Braitsch has not established her right to substantive due process was violated by the provisions of 85A O.S. § 89.
 

 B.
 

 Title
 
 85A O.S. § 89
 
 Is Not A Special Law In Violation Of The Oklahoma Constitution.
 

 ¶ 9 Braitsch next claims 85A O.S. § 89 is an unconstitutional special law in
 violation of Okla. Const. art. 5, § 46. A special law is one that relates to a part of an entire class of similarly affected persons and separates that part for different treatment.
 
 See
 

 Grant v. Goodyear Tire & Rubber Co.,
 

 2000 OK 41
 
 , ¶ 5,
 
 5 P.3d 594
 
 . Article 5, Section 46 of the Oklahoma Constitution prohibits the passage of certain local and special laws if they affect one or more of twenty-eight enumerated subjects.
 
 [3]
 
 Section 46 does not prohibit all local and special laws it merely prohibits the passing of such laws which concern these enumerated subjects. Braitsch does not identify any of these subjects in her brief. She merely claims 85A O.S. § 89 is a special law pursuant to Okla. Const. art. 5, § 46. Without such identification it is impossible for this Court to determine whether a prohibited special law was passed in violation of this section. However, determining what enumerated subject was violated is immaterial because Braitsch cannot establish 85A O.S. § 89 is a special law.
 

 ¶ 10 In order to have a special law you need to first establish a class of similarly situated subjects and then prove less than all the subjects are being affected differently by the law. Statutes facing a special law challenge are considered pursuant to a three-part test. First, is the law special or general? Second, if the law is special in nature, does a general apply? And, third, if a general law is not applicable, is the statute a permissible special law.
 
 See
 

 Vasquez v. Dillard's, Inc.,
 

 2016 OK 89
 
 , ¶ 11,
 
 381 P.3d 768
 
 ;
 
 Reynolds v. Porter
 
 ,
 
 1988 OK 88
 
 , ¶¶ 14-16,
 
 760 P.2d 816
 
 .
 

 ¶ 11 Under the first prong of the test our duty is to identify the class of people or things affected by the statute. A statute relating to all persons or things of a class is a general law.
 
 Reynolds v. Porter,
 

 1988 OK 88
 
 at ¶ 14,
 
 760 P.2d 816
 
 . The number of persons or things upon which the law has a direct effect may be very few, but it must operate uniformly upon all brought within the class by common circumstances.
 
 Id.
 
 at ¶ 14.
 

 ¶ 12 The classes affected by 85A O.S. § 89 are similar to those identified in
 
 Grant v. Goodyear Tire & Rubber Co.,
 

 2000 OK 41
 
 ,
 
 5 P.3d 594
 
 . In
 
 Grant
 
 , 85 O.S. § 41.1 (repealed by 2011 Okla. Sess. Laws c. 318, § 87) was challenged as being an impermissible special law. Subsection A of § 41.1 provided that if salary or any other remuneration was paid in lieu of temporary total compensation during the period of temporary total disability no respondent or insurance carrier could deduct from the amount of a permanent or partial permanent disability award any amounts paid for temporary total disability nor could any credit be given for such additional payments against any benefits provided under the workers' compensation laws. This Court determined that the classes involved under this subsection were: 1) employers who chose to pay salary or other remuneration in lieu of temporary total disability compensation, and 2) the employees who were paid such amounts.
 
 Grant
 
 ,
 
 2000 OK 41
 
 at ¶ 6,
 
 5 P.3d 594
 
 . We held, "[f]or the purposes of the constitution, the employers and their employees comprise two classes of similarly affected persons, because § 41.1 affects both."
 
 Id.
 
 at ¶ 6. In addition, this Court held "[s]ubsection A of § 41.1 sets out a general law that prohibits credit against subsequent awards."
 
 Id.
 
 at ¶ 8. Subsection B of § 41.1, however, provided a limited exception to the general law found in subsection A. It carved out a subclass of qualified individual self-insured employers who could receive credits for amounts paid in excess of temporary total disability benefits against any permanent partial disability owed. We held the provisions of subsection B created an impermissible special law that violated Okla. Const. art. 5, § 59.
 
 [4]
 

 Id.
 
 at ¶ 12.
 

 ¶ 13 Title 85A O.S. § 89 provides "[a]ny wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award." Similar to the classes identified in
 
 Grant,
 
 the classes affected under § 89 are: 1) employers who choose to pay wages over the statutory temporary disability maximum, and 2) the employees who receive such wages. Both of these classes are affected by the provisions of § 89. Unlike
 
 Grant,
 
 however, there is no similar provision to § 41.1 (B). No subclass has been carved out for special treatment. Section 89 allows all similarly situated employers to deduct the amounts paid in excess of the temporary disability maximum from any permanent partial disability award. Employees who received amounts in excess of the TTD maximum will also be treated alike and receive a reduction in their permanent partial disability awards. The law in
 
 Grant,
 
 85 O.S. § 41.1 (A), prohibited deductions and the law in the present case, 85A O.S. § 89, allows deductions. The difference is immaterial to our analysis and only reflects a legislative policy change. What matters for our determination in this matter, is how the classes are treated under the individual statutes. The manifest intent of our Constitution's framers was for all persons under the same conditions and in the same circumstances to be treated alike.
 
 Reynolds,
 

 1988 OK 88
 
 at ¶ 19,
 
 760 P.2d 816
 
 . The vice of special acts is that they create preferences and establish inequality.
 
 Id.
 
 at ¶ 19. Here no subclass is created and members of the affected classes are treated the same. We hold, 85A O.S. § 89 is a general law and not an impermissible special law and therefore it is unnecessary to determine whether it affects a prohibited subject found in Okla. Const. art. 5, § 46.
 

 CONCLUSION
 

 ¶ 14 Every presumption is to be indulged in favor of the constitutionality of a statute and here Braitsch has failed to bear the heavy burden of establishing 85A O.S. § 89 is unconstitutional. The provisions of 85A O.S. § 89 neither violate Braitsch's right to due process of law nor is the statute a special law. The October 23, 2017, Order Affirming Decision of Administrative Law Judge is affirmed.
 
 [5]
 

 ORDER OF THE WORKERS' COMPENSATION COMMISSION SITTING EN BANC IS AFFIRMED
 

 ¶ 15 Combs, C.J., Kauger, Winchester, Wyrick, Darby, JJ., concur.
 

 ¶ 16 Gurich, V.C.J., dissents (writing separately), Edmondson, Colbert, Reif, JJ., dissent.
 

 GURICH, V.C.J., with whom EDMONDSON, REIF, JJ., join dissenting:
 

 ¶ 1 The majority concludes that Petitioner Kelli Braitsch loses the benefit of her bargained for contractual protections as well as her statutory workers' compensation benefits. In my view, she is entitled to both. Therefore, I dissent.
 

 ¶ 2 On October 15, 2015, Braitsch, a Tulsa Police Officer, suffered an injury to her right arm (elbow) while in the line of duty working for her employer, the City of Tulsa. The City of Tulsa is a self-insured, own risk employer. She promptly notified her employer and timely filed a CC-Form-3 with the Workers' Compensation Commission. Braitsch was diagnosed with damage to her ulnar nerve. She received treatment to her back, neck and the elbow of her right arm. She was off work from October 16, 2015, to November 1, 2015, and then again from March 1 through April 7, 2016, as a result of surgery. She was paid injury leave in the amount of her full wages during those periods. A hearing was held on July 19, 2017, to determine the amount of PPD to her right arm, and the parties stipulated to the temporary total disability rate of $571.55 and the PPD rate $323.00. The parties also stipulated that the accrual date for PPD was June 16, 2016. Respondent City of Tulsa requested a credit for overpayment of TTD pursuant to 85A O.S.Supp. 2014 § 89, which reads:
 

 If the employer has made advance payments for compensation, the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. If the injured employee receives full wages during disability, he or she shall not be entitled to compensation during the period. Any wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award. Such deduction shall be made after any such applicable attorney fee and any such assessment made pursuant to Sections 45 and 46 of this act have been paid.
 

 ¶ 3 In the order filed on August 16, 2017, the ALJ awarded Braitsch 20% PPD benefits to her right arm in the amount of $17,765.00 and found that it had all accrued and was payable immediately. The ALJ overruled Braitsch's constitutional challenges to § 89 and granted employer's request for a credit of $5,228.62, thereby reducing her PPD award due to the payment of annual leave.
 

 Braitsch appealed the order, and the Workers' Compensation Commission sitting
 
 en banc
 
 affirmed the decision of the ALJ on October 20, 2017. An order memorializing the Commissions' affirmation was filed on October 31, 2017.
 
 [1]
 

 ¶ 4 Braitsch never received any TTD benefits. Instead, Braitsch received annual leave benefits in the amount of $9,915.32 pursuant to the Collective Bargaining Agreement between the City of Tulsa and Lodge #93 of the Fraternal Order of Police.
 
 [2]
 
 The CBA was admitted as an exhibit at the PPD hearing.
 
 [3]
 
 At the time of her injury, Braitsch had been an officer with the Tulsa Police Department for 11 years and her employment was protected by the CBA. This is the exclusive agreement wherein the parties negotiated for wages, hours and other terms and conditions of employment.
 
 [4]
 
 This agreement was in effect at the time of her injury. Article 16-Injury Leave includes only the following three provisions:
 

 Section 16.1
 
 The Lodge and the City of Tulsa recognize the necessity of maintaining a policy and procedure for administering Injury Leave with the City of Tulsa. The guidelines provided in the Tulsa Police Department Policy and Procedure Manual shall be used for administering injury leave under this agreement. It is the policy of the Employer to provide compensation and leave time for Employees who incur disabilities in accordance with State Statute Title 11 Section 50-116 et. seq. and/or Workers' Compensation Title 85.
 

 Section 16.2
 
 While on Injury Leave, an Employee shall be entitled to all vacation, sick, and other leave benefit accruals. The employee's credit for computing time in grade for pay increases and promotional seniority considerations shall not be affected.
 

 Section 16.3
 
 The parties agree that for purposes of administering Injury Leave as it applies to members of this bargaining unit, Employees awaiting a final claim decision of the Claims Administrator may elect to use Injury leave as stated in this Article 16. Upon notification from the Claims Administrator that the claim is denied, the City is authorized to deduct any Injury Leave used from the Employee's accruals of sick leave, vacation leave, or compensatory time, in that order, to reimburse the Injury Leave used. If the Employee lacks sufficient accruals of leave to reimburse the Injury Leave then the reimbursements shall come from accruals of sick leave, vacation leave, and compensatory time as they are earned by the Employee. Should the claim be denied and Injury Leave reimbursed, this will not prejudice any later action by the Employee in a Workers Compensation claim or other proceeding to contest said denial and to recover the personal leave that reimbursed said Injury Leave.
 

 There is nothing in the agreement that provides for an elective or mandatory reduction in payment of any benefits provided under the CBA related to Title 85 (now 85A). Employer argues that the CBA does not prohibit the requested salary deduction, but any modification of the CBA can only be changed by the specific terms of the CBA.
 
 [5]
 
 Employer was required to make injury leave payments pursuant to this contract. If the Employer is permitted to reduce the amount of money which Braitsch received while off work, then the Employer has unilaterally changed the terms of the CBA. Further, Title 85A O.S. Supp. 2013 § 8(A) provides: "No agreement
 by an employee to waive his or her right to compensation shall be valid. No contract, regulation, or device shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this act, except as specifically provided in this act."
 

 ¶ 5 Article 16 providing for salary continuation is a bargained for condition of employment. Braitsch's only remedy for permanent loss of function due to her on the job injury is found in the AWCA, a right specifically reserved in the CBA.
 
 [6]
 
 From a plain reading, it is clear that the intent of Article 16 of the CBA is to provide police officers with the benefits of both the CBA and statutory workers' compensation benefits. Indeed, Section 16.3 allows a Tulsa police officer to receive injury leave pay whether or not the claim is denied by the Tulsa Claims Administrator. The CBA also specifically enumerates the situations in which the employee may be required to reimburse the City of Tulsa, while reserving the right of the employee to pursue remedies in Workers' compensation. To take away the employee's workers' compensation benefits in order to reduce the cost to the employer for benefits guaranteed in the CBA destroys the purpose of collective bargaining and punishes a police officer for being part of a bargaining unit, which is prohibited by
 
 11 O.S. 2011
 
 § 51-101.
 
 [7]
 
 Braitsch had vested rights to the lawful benefits provided in the CBA and pursuant to Article 2 § 15 of the Oklahoma Constitution, it would be unconstitutional to construe Section 89 as modifying the contract.
 
 [8]
 
 Neither Title 11, the AWCA nor the CBA permit a reduction in Braitsch's PPD benefits.
 

 ¶ 6 I also agree with Braitsch that § 89 offends Art. 5 § 59 of the Oklahoma Constitution because it is a special law. A similar version of this statute was found to be unconstitutional in
 
 Grant v. Goodyear Tire & Rubber Co.
 
 ,
 
 2000 OK 41
 
 ,
 
 5 P.3d 594
 
 . Just like Braitsch, Grant was injured while working for her self-insured employer.
 
 [9]
 
 Just like Braitsch, Grant received no TTD but was paid her regular higher wages. Her self-insured employer was given a credit for the overpayment of temporary total disability pursuant to 85 O.S. Supp. 1999 § 41.1(B). This Court determined that subsection (B) of § 41.1 was an impermissible special law that violated Art. 5, § 59 of the Oklahoma Constitution.
 
 Id.
 
 ¶ 12,
 
 5 P.3d at 598
 
 .
 
 [10]
 
 In doing so, we said: "For a special law to be permissible, there must be
 
 some distinctive characteristic warranting different treatment and that furnishes a practical and reasonable basis for discrimination
 
 . If there is neither a distinctive characteristic upon which a different treatment may reasonably be founded nor one which furnishes a practical and real basis for discrimination between the two groups
 within the class, the distinction becomes arbitrary and without relation to the subject matter."
 
 [11]
 
 This Court found there was no valid reason to differentiate between employers who were self-insured and were allowed to receive credit for overpayment against any permanent disability owed and those employers or insurance carriers who were not allowed to receive the credit.
 
 Id.
 
 ¶ 11,
 
 5 P.3d at 598
 
 . Although the current version of this statute appears to have corrected the prior special law constitutional infirmities by making it applicable to all employers and insurers, in truth, it will still only benefit self-insured employers who are contractually bound to pay higher wages.
 
 [12]
 
 There is no practical or reasonable basis for any employer to
 
 voluntarily
 
 pay TTD at a rate higher than statutorily required, only to recoup the payment from the award of PPD years later.
 
 [13]
 

 ¶ 7 I would vacate the award of the Commission, and remand the case to the ALJ with directions to enter an award reinstating the full amount of PPD awarded to Petitioner Braitsch.
 

 The Petitioner's Brief in Chief and Respondent's Answer Brief refer to Officer Braitsch as a male, however, it is clear from the transcripts Officer Braitsch is female.
 

 85 O.S. Supp. 1992, § 41.1 (repealed by 2011 Okla. Sess. Laws c. 318, § 87) provided:
 

 A. In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workers' compensation law.
 

 B. Notwithstanding the provisions of subsection A of this section, a qualified individual self-insured employer that pays temporary total disability benefits at a higher weekly rate than required by statute, without diminishing the employee's accrued leave on such payments, shall be given credit for such overpayment against any permanent partial disability owed, after payment of attorney fees and taxes. This provision shall not apply where salary continuation was made by the self-insured employer pursuant to an applicable collective bargaining agreement.
 

 Article 5, Section 46 of the Oklahoma Constitution provides:
 

 The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
 

 The creation, extension, or impairing of liens;
 

 Regulating the affairs of counties, cities, towns, wards, or school districts;
 

 Changing the names of persons or places;
 

 Authorizing the laying out, opening, altering, or maintaining of roads, highways, streets, or alleys;
 

 Relating to ferries or bridges, or incorporating ferry or bridge companies, except for the erection of bridges crossing streams which form boundaries between this and any other state;
 

 Vacating roads, town plats, streets, or alleys;
 

 Relating to cemeteries, graveyards, or public grounds not owned by the State;
 

 Authorizing the adoption or legitimation of children;
 

 Locating or changing county seats;
 

 Incorporating cities, towns, or villages, or changing their charters;
 

 For the opening and conducting of elections, or fixing or changing the places of voting;
 

 Granting divorces;
 

 Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;
 

 Changing the law of descent or succession;
 

 Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate;
 

 Regulating the fees, or extending the powers and duties of aldermen, justices of the peace, or constables;
 

 Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes;
 

 Fixing the rate of interest;
 

 Affecting the estates of minors, or persons under disability;
 

 Remitting fines, penalties and forfeitures, and refunding moneys legally paid into the treasury;
 

 Exempting property from taxation;
 

 Declaring any named person of age;
 

 Extending the time for the assessment or collection of taxes, or otherwise relieving any assessor or collector of taxes from due performance of his official duties, or his securities from liability;
 

 Giving effect to informal or invalid wills or deeds;
 

 Summoning or impaneling grand or petit juries;
 

 For limitation of civil or criminal actions;
 

 For incorporating railroads or other works of internal improvements;
 

 Providing for change of venue in civil and criminal cases.
 

 Article 5 Section 59 of the Oklahoma Constitution provides, "[l]aws of a general nature shall have uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."
 

 The dissent addresses a constitutional issue not briefed in the present appeal. The dissent asserts the application of 85A O.S. § 89, which provides a credit against permanent partial disability (PPD) awards, unconstitutionally impaired the Petitioner's collective bargaining agreement (CBA) in violation of Art. 2, § 15 of the Oklahoma Constitution. This is not so. The effective date of the CBA is for the period of July 1, 2015, through June 30, 2016. O.R. at 22. Title 85A O.S. § 89 is part of the Administrative Workers' Compensation Act (AWCA) which repealed and replaced the provisions of the Workers' Compensation Code effective February 1, 2014 and prior to this CBA. 2013 Okla. Sess. Laws c. 208; SB 1062. Title 85A O.S. § 89 was the law in place at the time of the Petitioner's injury, October 15, 2015. Nowhere in the CBA does it mention any specific amount for PPD benefits or injury leave benefits. Section 16.1 of the CBA, which concerns "Injury Leave," does, however, cite repealed law. It provides in pertinent part:
 

 It is the policy of the Employer to provide compensation and leave time for Employees who incur disabilities in accordance with State Statute 11 Section 50-116 et. seq. and/or Workers' Compensation Title 85.
 

 Title 11 O.S. § 50-116 was repealed in 1988 by House Bill 1588. 1988 Okla. Sess. Laws c. 267, § 38. This same bill also created 11 O.S. § 50-116.1 which concerns benefits paid by a municipality when a member of a police department is injured on the job (injury leave). 1988 Okla. Sess. Laws c. 267, § 13. It requires the municipality to pay the salary of the member for up to 6 months with the possibility of an additional 6 month period. This section was enacted in Article 50 of Title 11 which concerns the Oklahoma Police Pension and Retirement System. It is not a workers' compensation law. The municipality paid the Petitioner's salary following her accident pursuant to 11 O.S. § 51-116.1 and arguably in compliance with Section 16.1 of the CBA. There are no provisions in the CBA concerning PPD benefits that would conflict with § 89. Therefore, the provisions of § 89, which were in effect prior to this CBA, in no way impaired any obligation of contract found in the CBA and its application did not violate Art. 2, § 15 of the Oklahoma Constitution.
 

 Petitioner appealed to this Court on November 6, 2017, and we retained the case.
 

 O.R. at 24; 11 O.S.Supp. 2011 § 51-103(A) and § 51-111 grant to state firefighters and police officers the ability to enter into collective bargaining agreements.
 

 O.R. at 22; (CBA pages 1-57, Effective 7-1-2015 through 6-30-2016).
 

 11 O.S. 2011
 
 § 51-101(A).
 

 Article 1 of the CBA incorporates the following language of 11 O.S. Supp. 2011 § 51-111 : "All rules, regulations, fiscal procedures, working conditions, departmental practices and manner of conducting the operation and administration of fire departments and police departments currently in effect on the effective date of any negotiated agreement shall be deemed a part of said agreement unless and except as modified or changed by the specific terms of such agreement."
 

 Braitsch does not have any right to arbitrate the application of 85A O.S.Supp. 2014 § 89 to Article 16 of the CBA. Article 7 § 7.9 of the CBA provides in part: "The arbitrator's authority shall be limited to the interpretation and application of the terms of this Agreement and/or any supplement thereto and shall not extend to those extra-contractual (i.e., Worker's Compensation, Unemployment Compensation issues, etc.) matters for which a forum and remedy is available pursuant to statute."
 

 11 O.S. Supp. 2011 § 51-102(6a)(1) & (2).
 

 Art. 2 § 15 : No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed.
 

 Section 41.1(B) excluded only self-insured employers who were required to pay higher wages under a CBA. The
 
 Grant
 
 opinion does not contain an explanation of why Grant's employer paid higher wages.
 

 Section 41.1 provided: "A. In the event salary or any other remuneration is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workers' compensation law.
 

 B. Notwithstanding the provisions of subsection A of this section, a qualified individual self-insured employer that pays temporary total disability benefits at a higher weekly rate than required by statute, without diminishing the employee's accrued leave on such payments, shall be given credit for such overpayment against any permanent partial disability owed, after payment of attorney fees and taxes. This provision shall not apply where salary continuation was made by the self-insured employer pursuant to an applicable collective bargaining agreement."
 

 Grant
 
 ,
 

 id.
 

 , ¶ 10,
 
 5 P.3d at 598
 
 (emphasis added) (internal citations omitted).
 

 Insurers provide coverage to employers for statutory TTD benefits, not wages, under the AWCA. 85A O.S. Supp. 2013 ¶ 42(C) provides: "A split coverage plan is expressly prohibited without special circumstances. No policy or contract of insurance shall be issued against liability under this act unless the policy or contract covers the entire liability of the employer. Split coverage whereby some employees of an employer are insured by one carrier and other employees are insured by another carrier, or a plan of self-insurance, is expressly prohibited except for a policy issued covering the liability of an employer or of multiple employers as to specific jobs, ventures, contracts, or undertakings, but only if the policy meets with the reasonable satisfaction and approval of the Insurance Commissioner that the policy is in the best interest of the employers and the employees concerned and does not unduly or improperly affect the continuity of workers' compensation coverage by seriously and negatively affecting other carriers and agents with outstanding policies issued to any of the employers in issue". Also see 85A O.S. Supp. 2013 §§ 88, 95.
 

 This is especially true since both the rate for and the percentage of PPD were reduced significantly by the adoption of the AWCA in 2013, which includes the mandatory use of the AMA Guides 6
 
 th
 
 Edition for rating PPD, upheld in
 
 Hill v. American Medical Response
 
 ,
 
 2018 OK 57
 
 , ¶¶ 61, 62,
 
 423 P.3d 1119
 
 .