BURSON v. CITY OF TULSA



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BURSON v. CITY OF TULSA

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BURSON v. CITY OF TULSA
2021 OK CIV APP 8
486 P.3d 17
Case Number: 118323
Decided: 08/14/2020
Mandate Issued: 03/31/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 8, 486 P.3d 17

 

BILLY BURSON, Petitioner,
v.
CITY OF TULSA; OWN RISK #10435; and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF THE WORKERS' COMPENSATION COMMISSION

SUSTAINED

Darrel R. Paul, QUANDT LAW FIRM, Tulsa, Oklahoma, for Petitioner,

Nate Lawyer, LATHAM, STEELE, & LEHMAN, P.C., Tulsa, Oklahoma, for Respondents.

Kenneth L. Buettner, Judge:

SUMMARY

¶1 This case arises from a claim for Workers' Compensation benefits by Petitioner/Claimant Billy Burson (Burson) against Respondents City of Tulsa (City) and its insurer, Own Risk #10435. Burson, a police officer employed by City, sustained a work-related injury and was paid his full wages during his temporary disability period, pursuant to statute. Burson later sought and received a permanent partial disability award. City sought and received a reimbursement of wages paid to Burson during the temporary disability period in excess of the statutory total temporary disability limit, to be deducted from Burson's total permanent disability award. Burson appealed to an en banc panel of the Commission, which affirmed the holding of the administrative law judge. Burson appeals, alleging the statutory provision conferring full wages to municipal police officers during a temporary disability period is incompatible with the reimbursement provision of the AWCA. Because the Oklahoma Supreme Court has previously resolved the arguments raised herein, and because we do not find the statutory provisions to be incompatible, we sustain the holdings of the Commission.

FACTS

¶2 Burson was a police officer employed by City. Burson sustained an injury to his right knee while on the job November 4, 2016. City does not dispute that Burson sustained an injury while on duty. Burson underwent surgery for his work-related injury in February 2017, after which he took time off work from February 8, 2017, to March 22, 2017. In compliance with 11 O.S. 2011 § 50-116.1, City paid Burson his full wages for his off-work period, an amount totaling $7,106.88.

¶3 Burson later filed a claim with the Oklahoma Workers' Compensation Commission (the Commission) regarding the November 4, 2016 knee injury, seeking a permanent partial disability award beginning March 23, 2017. City agreed to the monetary rates for Burson's temporary total disability (TTD) and permanent partial disability (PPD), as well as to the dates of accrual. However, pursuant to 85A O.S. Supp. 2013 § 89, City sought reimbursement of wages paid to Burson during the temporary disability period above the statutory TTD limit. Burson's claim proceeded before an administrative law judge (ALJ) on March 19, 2019. Following the hearing, the ALJ found that Burson had sustained a 17% PPD to his right knee (on top of his pre-existing disability), allowing for a PPD award of $15,100.25. The ALJ also determined that City was entitled to a reimbursement of wages paid to Burson in excess of the TTD limit, equaling an amount of $3,796.10 in the form of a credit to be deducted from Burson's total PPD award. Burson appealed to an en banc panel of the Commission, which affirmed the ALJ's decision. Burson appeals.

STANDARD OF REVIEW

¶4 A worker's claim for workers' compensation benefits is controlled by the law in effect at the time of injury. Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 18, 295 P.3d 1107. Burson sustained his injury after the effective date of the Administrative Workers' Compensation Act (AWCA) and so the AWCA controls here. Burson's appeal presents questions of law, which we review de novo. Patterson v. Sue Estell Trucking Co., 2004 OK 66, ¶ 5, 95 P.3d 1087 (citing American Airlines v. Hervey, 2001 OK 74, ¶ 11, 33 P.3d 47).

ANALYSIS

¶5 Burson asserts that the statutory provision providing for the payment of full wages to municipal police officers during temporary disability due to work-related injury, 11 O.S. 2011 § 50-116.1, is fundamentally at odds with the AWCA provision allowing reimbursement of advance payment of wages by an employer during a temporary disability period in the event of a permanent disability award, 85A O.S. Supp. 2013 § 89.[1]

¶6 We firstly acknowledge this case's similarities to a recent Oklahoma Supreme Court case, Braitsch v. City of Tulsa, 2018 OK 100, 436 P.3d 14. In Braitsch, a claimant was injured while on the job and was paid her full salary in lieu of TTD payments, pursuant to the terms of her collective bargaining agreement. Id. ¶ 1. The claimant was later given a PPD award, which was reduced by the amount of her full wages paid during the temporary disability period over the TTD limit, in accordance with 85A O.S. § 89. The claimant appealed, claiming § 89 violated her constitutional rights to procedural and substantive due process, and that § 89 was an unconstitutional "special law." Id. On appeal, the Supreme Court held that § 89 was not unconstitutional. Id. ¶ 14. In so holding, the Court firstly ruled the claimant had been properly afforded the opportunity for an impartial hearing, such that her procedural due process rights were not violated. Id. ¶ 6. The Court further held that the purpose of § 89 was to ensure "fairness and predictability in the award of PPD benefits," and to "bring[] parity to workers' compensation awards by providing . . . relatively the same amount of benefits to all injured workers." Id. ¶ 8. As such, the Court determined the State had articulated a legitimate interest in enacting § 89, such that the provision also did not violate the claimant's rights to substantive due process. Id. The Court lastly held that § 89 was not an unconstitutional special law because it did not create a subclass of members to be treated differently than other members of the same class. Id. ¶ 13.

¶7 The facts here are nearly identical to those in Braitcsh: Burson was an employee of the City who was injured on the job and paid full wages during the temporary disability period. Like the claimant in Braitsch, Burson thereafter received a permanent disability award, which was reduced by the amount paid by City to Burson in excess of the TTD limit. The primary difference between Burson and the claimant in Braitsch is the mechanism requiring payment of full wages during the temporary disability period. The Braitsch claimant's full wages during the temporary disability period were guaranteed by the claimant's collective bargaining agreement, while Burson's full wages during this period were guaranteed by statute.[2]

¶8 Burson attempts to distinguish his case from Braitsch by asserting that he is not challenging the constitutionality of § 89, but rather only the application of § 89 in conjunction with the statutory provision guaranteeing full wages to municipal police officers during a temporary disability period. Burson's attempts at distinction are misguided. In fact, the Court in Braitsch held that § 89 was not unconstitutional on its face or in its application to the claimant. Braitsch, 2018 OK 100, ¶ 3, 436 P.3d 14 (entitling its first analysis subsection, "A. Braitsch Fails to Show 85A O.S. § 89 And Its Application Violated Her Constitutional Right to Due Process."). The claimant in Braitsch did not challenge § 89 facially, but rather asserted its unconstitutionality when applied to similarity situated claimants. Id. ¶ 5. Burson does the same here.

¶9 Burson argues that § 89 cannot be read cohesively with 11 O.S. § 50-116.1, and that the more specific law should therefore be given precedence over the more general. We disagree. This Court presumes that "[e]very provision of every Oklahoma statute [was] 'intended for some useful purpose and every provision should be given effect.'" Hamilton v. Northfield Ins. Co., 2020 OK 28, ¶ 8, 2020 WL 2140459 (citing Darnell v. Chrysler Corp., 1984 OK 57, ¶ 5, 687 P.2d 132. When interpreting statutes, it is this Court's duty--when possible--to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. Id. (citing Raymond v. Taylor, 2017 OK 80, ¶ 12, 412 P.3d 1141). "We must interpret statutes in a manner which renders every word and sentence operative, not in a manner which renders a specific statutory provision nugatory." Brown v. Claims Mgmt. Res. Inc., 2017 OK 13, ¶ 22, 391 P.3d 111 (citing TWA v. McKinley, 1988 OK 5, ¶ 9, 749 P.2d 108).

¶10 Title 11 O.S. § 50-116.1 states:

Whenever any member of the police department of any municipality is unable to perform the member's duties because of sickness or temporary disability caused or sustained while in the discharge of the member's duty as such member, notwithstanding the provisions of Sections 11 and 12 of Title 85 of the Oklahoma Statutes, the salary shall be paid by the municipality to the member and shall continue while the member is sick or temporarily disabled for a period of not more than six (6) months with the municipality having the option of extending the period for up to an additional six (6) months, not to exceed a total of twelve (12) months, after which said period the provisions for permanent total or permanent partial disability benefits of the Oklahoma Police Pension and Retirement System shall apply. Should a member receiving a salary under this section be eligible to receive, and should the salary of the member under this section exceed any temporary disability benefit paid to the member under Section 1 et seq. of Title 85 of the Oklahoma Statutes, the member shall transfer said temporary disability benefits under Section 1 et seq. of Title 85 of the Oklahoma Statutes to the municipality while the member is sick or temporarily disabled.

¶11 Section 89 of the AWCA provides:

If the employer has made advance payments for compensation, the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. If the injured employee receives full wages during disability, he or she shall not be entitled to compensation during the period. Any wages paid by the employer, over the statutory temporary disability maximum, shall be deducted from the permanent partial disability award. Such deduction shall be made after any such applicable attorney fee and any such assessment made pursuant to Sections 45 and 46 of this act have been paid.

¶12 In Braitsch, the Supreme Court held that the payment of full wages during the temporary disability period was not incongruent with the reimbursement of the amount paid above the TTD limit in the event of a permanent disability award under the AWCA. 2018 OK 100, ¶ 8, 436 P.3d 14. This conclusion is consistent with the text of 11 O.S. § 116.1, which acknowledges its interplay with Workers' Compensation statutes in stating that the full wages shall be paid during the temporary disability period "notwithstanding the provisions of Sections 11 and 12 of the Title 85 of the Oklahoma Statutes." The statute further addresses its relationship to Workers' Compensation legislation by stating that members eligible to receive temporary disability benefits under Title 85, and whose wages exceed TTD limits, should transfer those TTD benefits to the municipality. 11 O.S. § 116.1. By including the above language, the Oklahoma Legislature acknowledged the affect of the statute upon Workers' Compensation awards and evinced an intent to harmonize the two.

¶13 The Supreme Court has already addressed the arguments raised here by Burson. Braitsch, 2018 OK 100, 436 P.3d 14. As explained by the Supreme Court, 11 O.S. § 116.1 allows municipal police officers to receive their full wages--an amount greater than that available to other TTD claimants--during the temporary disability period. Id. ¶ 8. Section 89 of the AWCA then allows for parity amongst workers' compensation claimants seeking and receiving permanent disability awards. Id. ("We hold the state interest articulated in support of 85A O.S. § 89 is legitimate: ensuring fairness, efficiency, objectivity, predictability, and uniformity in the awarding of PPD benefits."). This reimbursement provision applies only in the event of a permanency award and does not otherwise affect a municipal police officer's right to full wages during the temporary disability period. Because the Supreme Court has addressed the relationship between the payment of full wages during temporary disability and reimbursement under § 89 of wages paid in excess of TTD limits in the event of a PPD award, we are bound here by that holding.

¶14 Burson lastly argues that the Commission exceeded its authority by interpreting a statute not found within the AWCA. The Commission has authority to address issues which arise in applying the AWCA, Robinson v. Fairview Fellowship Home For Senior Citizens, Inc., 2016 OK 42, ¶ 13, 371 P.3d 477, which may reasonably include the interpretation of statutes that affect the application of Workers' Compensation laws. We therefore hold that Burson's argument that the Commission exceeded its authority is without merit.

CONCLUSION

¶15 Because the Supreme Court previously held in Braitsch that the reimbursement of wages paid in excess of TTD limits during the temporary disability period in the event of a permanent partial disability award is not unconstitutional, we will not hold otherwise here. Further, in light of the Supreme Court's holding in Braitsch, we hold that § 89 is not incompatible with 11 O.S. § 116.1 and that the two may be applied in harmony. We further hold that the Commission did not exceed its authority in interpreting statutory provision in order to apply the AWCA. We therefore sustain the holding of the Commission.

¶16 SUSTAINED.

BELL, P.J., and GOREE, J., concur.

FOOTNOTES

[1] We acknowledge § 89 was amended in May 2019 to add the following language: "Provided, however, no wages paid by the employer in excess of the statutory temporary disability maximum, pursuant to a collective bargaining agreement, shall be deducted from any benefit otherwise available under this title." Yet, "[a] compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter." King Mfg. v. Meadows, 2005 OK 78, ¶ 11, 127 P.3d 584. As such, we interpret the statute as it was in effect in 2016 at the time of Burson's injury, which did not include the above later-enacted language.

[2] We constrain our holding in this case to only the facts herein--i.e., the application of § 89 to wages paid under 11 O.S. § 116.1. We do not address the applicability of § 89 to wages paid according to a collective bargaining agreement in light of the 2019 amendment to § 89.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 5, 749 P.2d 108, 59 OBJ 325, TWA v. McKinley
Discussed
 2001 OK 74, 33 P.3d 47, 72 OBJ 2716, AMERICAN AIRLINES v. HERVEY
Discussed
 2004 OK 66, 95 P.3d 1087, PATTERSON v. SUE ESTELL TRUCKING CO.
Discussed
 2005 OK 78, 127 P.3d 584, KING MANUFACTURING v. MEADOWS
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
 2016 OK 42, 371 P.3d 477, ROBINSON v. FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC.
Discussed
 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed
 2017 OK 80, 412 P.3d 1141, RAYMOND v. TAYLOR
Discussed
 2018 OK 100, 436 P.3d 14, BRAITSCH v. CITY OF TULSA
Discussed at Length
 2020 OK 28, 473 P.3d 22, HAMILTON v. NORTHFIELD INSURANCE CO.
Cited
 1984 OK 57, 687 P.2d 132, Darnell v. Chrysler Corp.
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 89, Reimbursement - Deductions
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA